COMMONWEALTH of Pennsylvania, Appellee

v.

Leslie WEATHERS, Appellant.

Superior Court of Pennsylvania.

Submitted May 27, 2014.

Filed July 1, 2014.

Suzanne M. Swan, Public Defender and Carrie L. Allman, Public Defender, Pittsburgh, for appellant.

Margaret B. Ivory, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: BENDER, P.J.E., WECHT, J., and PLATT, J.*

OPINION BY BENDER, P.J.E.:

Appellant, Leslie Weathers, appeals from the March 11, 2013 judgment of sentence of one-year probation and restitution in the amount of $1.00 imposed after he was convicted of one count of criminal mischief. Appellant also challenges the court's June 3, 2013 amendment to the order of restitution to $530.00. We affirm the original judgment of sentence imposed, but vacate the amended order of restitution.

The trial court summarized the facts of this case as follows:

On January 9, 2012, Leon Dillard was working alone at Simmie's, a restaurant and retail store located at 8500 Frankstown Road, Allegheny County. Dillard arrived at Simmie's at approximately 10:00 A.M. and parked his distinctive 1992 Cadillac in his usual spot in the back of the side lot. Dillard encountered Appellant on his way into Simmie's, and advised Appellant to move his van because the back of the vehicle was sticking out into the street and could cause an accident. Appellant ignored Dillard and followed him inside the store. Dillard knew Appellant for approximately two years as a contract window cleaner for Simmie's.

Dillard waited on several customers as Appellant stood behind the counter. One customer returned to the store to advise Dillard to have the van moved because it was likely to cause an accident where it was parked. Dillard again told Appellant to move his van, but Appellant refused. Dillard continued to wait on customers, but Appellant began to mutter obscenities towards the customers. Dillard told Appellant that he was going to call 911 if he did not leave. Appellant left and Dillard told him to wait for him in the parking lot. Dillard continued to wait on customers while Appellant impatiently waited outside, occasionally opening the door to the store to look inside at Dillard.

Ten minutes after Dillard ordered Appellant from the store, Dillard walked into the parking lot. Appellant's van was gone and the only car in the parking lot was Dillard's Cadillac. Upon approaching his vehicle[,] he found that a brick had been thrown through the front driver's side window, smashing the window and damaging the leather armrest. Dillard's iPod and other valuables were still in the Cadillac.

At approximately 1:00 P.M., Dillard's cousin and co-owner of the property where Simmie's is located, Jocelyn Rouse, received a phone call from Appellant. Appellant was rambling and screaming that he "ran around and busted his window." In the week that followed[,] Rouse attempted to settle the incident by having Appellant pay Dillard for the damage. When Rouse repeatedly asked Appellant why he had broken the window in Dillard's car, Appellant never denied breaking Dillard's window. When Appellant failed to pay Dillard at a prearranged meeting, Rouse called the police to report that Appellant had broken Dillard's window on her property.

* Retired Senior Judge assigned to the Superior Court.

Appellant was arrested and charged [with one count of criminal mischief]. Trial Court Opinion (T.C.O.), 1/10/14, at 4–5 (citations to record omitted).

Appellant proceeded to a non-jury trial on March 4, 2013, where he was found guilty. At the sentencing hearing, the Commonwealth submitted a restitution request for $530.00, which was an estimate of the cost of repairing the damages to Leon Dillard's vehicle. In response, Appellant's counsel asked that the Commonwealth provide a receipt to prove the amount of those repairs. Because the Commonwealth did not possess a receipt at that time, the parties agreed to leave the restitution amount open until the Commonwealth received a receipt from Dillard. *See* N.T. Sentencing, 3/11/13, at 4. Consequently, the trial court sentenced Appellant to one year of probation and restitution in the amount of $1.00, which was to be amended within thirty days upon the Commonwealth's providing a receipt. *See id.* at 4–5.

Appellant subsequently filed a post-sentence motion contesting the weight of the evidence, which the court denied. Appellant then filed a timely notice of appeal on April 19, 2013. On May 17, 2013, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of Appellant's receiving the trial transcript.

Before Appellant received the trial transcript, on June 3, 2013—84 days after sentencing—the trial court issued an amended order of restitution in the amount of $530.00. The order did not state why the amendment was made, *i.e.*, that the Commonwealth had provided a receipt for the vehicle repairs. There is also no indication in the certified record that a receipt was submitted to the court.

After obtaining the trial transcript, Appellant filed a timely Rule 1925(b) state-

ment on November 1, 2013. In his brief, Appellant presents the following questions for our review:

I. Was the restitution order improperly entered more than 30 days after sentencing?

II. Was the verdict rendered contrary to the weight of the evidence presented where the complaining party intentionally lied on the stand, as verified by a separate witness for the Commonwealth, and where the witness did not see anyone actually damage his vehicle, and where [Appellant] testified credibly to the events of the incident?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Based on our disposition herein, we will begin by addressing Appellant's challenge to the weight of the evidence. Specifically, he alleges that,

[i]t is clear that Mr. Dillard testified falsely to at least two material facts—namely whether or not [Appellant] was permitted behind the counter, and whether he had engaged in a physical attack on [Appellant]. These are not minor inconsistencies but rather fabrications that should give pause when determining Mr. Dillard's credibility. Furthermore, there were other people present who observed the argument and Mr. Dillard did not see anyone damage his vehicle. The Commonwealth's use of the circumstantial evidence to prove guilt was unjustified in light of the lack of credibility of Mr. Dillard[.]

Appellant's Brief at 21–22. Thus, Appellant claims that the court's verdict was contrary to the weight of the evidence, and he seeks a new trial.

Our Supreme Court has stated:

A motion for a new trial alleging that the verdict was against the weight of the

evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Diggs*, 597 Pa. 28, 949 A.2d 873, 879–80 (2008) (internal citations omitted).

 Here, the trial court, as the factfinder, was charged with evaluating the credibility of the witnesses. The court explained that it found "the testimony of the Commonwealth witnesses credible and [ ] Appellant's version of events not so . . . ." T.C.O. at 8. The court's credibility determinations and verdict are not shocking to one's sense of justice. Dillard discovered the damage to his vehicle about five to ten minutes after he forced Appellant to leave the store. N.T. Trial, 3/4/13, at 14–15, 21. Further, Jocelyn Rouse testified at trial that Appellant called her on the day of the incident and told her, "I took a brick and busted his [Dillard's] window." *Id.* at 36. Appellant claims that his confession to Rouse was "shown to be false" because his testimony indicated that he was "merely hoping to get a rise out of Mr. Dillard as Mr. Dillard had assaulted him." Appel-

lant's Brief at 23; *see also* N.T. Trial at 53–54 (explaining that Appellant told Rouse that he broke the window so that "she would tell [Dillard]" and Dillard would then "come see" him). However, Appellant relies on his own testimony to discredit his prior confession, and the court ultimately determined he was not believable. Consequently, we conclude that the trial court did not abuse its discretion in denying Appellant's challenge to the weight of the evidence.

 Second, Appellant challenges the court's entry of the amended restitution order, contending that the trial court improperly entered that order more than thirty days after sentencing. Appellant's Brief at 9. This claim constitutes a challenge to the legality of the sentence. "Our standard of review is whether an error of law occurred." *Commonwealth v. Dietrich*, 601 Pa. 58, 970 A.2d 1131, 1133 (2009).

 We acknowledge that, generally, a court may "modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. However, 18 Pa.C.S. § 1106(c)(3) states:

> The court may, **at any time** or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106(c)(3) (emphasis added). Thus, based on this section, "a sentencing

court may modify restitution orders at any time if the court states its reasons as a matter of record." *Dietrich,* 970 A.2d at 1135 (citing 18 Pa.C.S. § 1106(c)(3) (emphasis omitted)).

██ Despite the "at any time" language of section 1106(c)(3), we are compelled to conclude that in this case the trial court did not have jurisdiction to modify the order of restitution due to Appellant's timely filing of a notice of appeal.[1] While neither the Commonwealth nor Appellant focus on the jurisdictional implications of Appellant's filing of a notice of appeal, it is well established that "questions of jurisdiction may be raised sua sponte." *See Commonwealth v. Coolbaugh,* 770 A.2d 788, 791 (Pa.Super.2001) (internal citation omitted). After the trial court denied Appellant's post-sentence motion, Appellant filed a timely notice of appeal on April 19, 2013.

At that point, the trial court no longer had jurisdiction to proceed in this matter. *See* Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."); *Commonwealth v. Ledoux,* 768 A.2d 1124, 1125 (Pa.Super.2001) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal.").[2] Nevertheless, the trial court entered an order amending the amount of restitution on June 3, 2013. Despite the flexibility granted to the court to amend orders of restitution under section 1106(c)(3), here the court could not modify the order of restitution during a period when it did not have jurisdiction over the case.

In sum, we conclude that the verdict was not contrary to the weight of the evidence,

---

**1.** This situation appears to be an issue of first impression for our Court. Past cases do not seem to confront orders of restitution amended after the filing of a timely notice of appeal. *See, e.g., Dietrich,* 970 A.2d at 1132; *Commonwealth v. McKee,* 38 A.3d 879, 880 (Pa.Super.2012); *Commonwealth v. Wesley,* 889 A.2d 636, 637 (Pa.Super.2005); *Commonwealth v. Wozniakowski,* 860 A.2d 539, 541–42 (Pa.Super.2004); *Commonwealth v. Ortiz,* 854 A.2d 1280, 1282 (Pa.Super.2004); *Commonwealth v. Dinoia,* 801 A.2d 1254, 1255–56 (Pa.Super.2002); *Commonwealth v. Opperman,* 780 A.2d 714, 716 (Pa.Super.2001).

**2.** We recognize that, even after an appeal is taken, the trial court may still perform certain acts under Pa.R.A.P. 1701(b). However, Rule 1701(b) does not state that the trial court may amend orders of restitution after an appeal is filed. Instead, that rule reads, in relevant part:

> **(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
> (1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.
> (2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.
> (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:
> (i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and
> (ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701(b).

and affirm Appellant's original judgment of sentence. However, we must vacate the court's June 3, 2013 order amending the amount of restitution. Under section 1106(c)(3), the trial court may subsequently amend the order of restitution when it regains jurisdiction, following the conclusion of this appeal, provided that the court states its reasons for doing so as a matter of record.

Judgment of sentence affirmed. June 3, 2013 order of restitution vacated. Jurisdiction relinquished.