J-S02007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT JOHNSON | |
| Appellant | No. 2627 EDA 2013 |

Appeal from the Judgment of Sentence April 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013968-2011

BEFORE: MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:

**FILED FEBRUARY 17, 2015**

Appellant, Robert Johnson, appeals from the April 29, 2013 judgment of sentence of one year of probation, imposed after the trial court found him guilty of criminal trespass.[1] After careful review, we affirm.

The trial court has set forth the relevant factual and procedural history of this case as follows.

> On August 7, 2011 at around 10:00 a.m., Nicholas Brosko, the owner of Essington Avenue Auto Parts, located at 6770 Essington Avenue in the city of Philadelphia, observed Robert Johnson, [Appellant], inside the easement to his yard, which is a fenced area. When Mr. Brosko first saw [Appellant], he was 600 feet away. [Appellant] was

---

[1] 18 Pa.C.S.A. § 3503(a)(1)(i).

trotting towards Mr. Brosko, with a part in his hand. Mr. Brosko dialed 911 and reported that there was a guy in the yard and that he thought he was getting robbed.

While Mr. Brosko was on the phone with 911, [Appellant] continued to jog towards him. [Appellant] came within 15 feet of Mr. Brosko and then climbed the fence, which was six to seven feet high. Mr. Brosko noticed an older model, Ford pickup truck outside the property, on the other side of the fence. He walked to the back of the truck and read the plate number to 911. He also gave 911 a description of [Appellant], who climbed into the driver side of the truck and then drove away.

Mr. Brosko did not know [Appellant]. He never gave [Appellant] permission to enter his property on August 7, 2011. Mr. Brosko eventually did a photo array and he was able to pick [Appellant] out of the photo array.

…

[Appellant] acknowledged that he was on the 6700 Block of Essington Avenue[] on August 7, 2011, at approximately 10:30 a.m. He testified that he was at another auto salvage yard to find tires for his truck. He stated that while he was seated in his parked vehicle, a 1986 pickup truck, he saw Mr. Brosko standing at the rear of the truck.

[Appellant] denied being inside the fence at 6770 Essington Avenue, jogging towards the fence and/or climbing the fence. [Appellant] testified that he was diagnosed with [Chronic Obstructive Pulmonary Disease] COPD which made it difficult for him to run and prevented him from jumping over a six foot fence.

…

On April 29, 2012, [Appellant] requested and was granted a waiver of a jury trial []. [Appellant]

was found guilty of criminal trespass, 18 Pa.C.S. § 3503[,] and sentenced to one year of reporting probation. On May 6, 2013, [Appellant] filed a post-sentence motion, raising a weight of the evidence claim and seeking a new trial. [Appellant]'s post-sentence motion was denied by operation of law on September 3, 2013.

Trial Court Opinion, 8/1/14, at 1-3 (citations omitted). Appellant filed his timely notice of appeal on September 17, 2013. On October 29, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal within 30 days pursuant to Pennsylvania Rule of Appellate Procedure 1925. Appellant timely filed his Rule 1925(b) statement on December 2, 2013, and the trial court authored a Rule 1925(a) opinion on January 28, 2014.[2] Thereafter, this Court granted Appellant's petition to remand in order to raise a supplemental issue in his Rule 1925(b) statement and ordered the trial court to file a supplemental Rule 1925(a) opinion following the filing of the supplemental Rule 1925(b) statement. *Per Curiam* Order, 5/21/2014. Appellant timely filed a supplemental Rule 1925(b)

---

[2] We observe the 30th day for filing the statement fell on Thanksgiving, November 28, 2013. When computing the timeliness of a filing, "[if] the last day of any such period shall fall on Saturday or Sunday, or any day made a legal holiday by the laws of this Commonwealth or of the United States, such delay shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Because the courts observed Thanksgiving and the following day, Friday, November 29, 2013, as holidays, the 30th day for Appellant to file his Rule 1925(b) statement was on Monday, December 2, 2013. As a result, we deem his Rule 1925(b) statement timely filed.

statement on June 5, 2014, and the trial court filed a supplemental Rule 1925(a) opinion on August 1, 2014.

On appeal, Appellant raises the following issue for our review.

> Did not the trial court err and abuse its discretion when it denied [] [A]ppellant's motion to set aside the verdict as against the weight of the evidence, where [] [A]ppellant, who had a reputation in the community for being a truthful, peaceful and law-abiding person, testified that he suffered from COPD, a disease of the lungs which makes it difficult to breath [sic] and would prevent him from running and jumping over a seven foot fence, thereby making the complainant's allegations highly improbable?

Appellant's Brief at 3.

We begin by acknowledging that "[a] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." ***Commonwealth v. Thompson***, --- A.3d ---, 2014 WL 6948150, at *10 (Pa. Super. 2014) (citation omitted).[3]  Our Supreme Court clarified that, "[a] motion for a new

---

[3] Appellant was convicted of criminal trespass, which provides, in relevant part, as follows.

> **(a) Buildings and occupied structures**.—
>
> > (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
> >
> > > (i) enters, gains entry by subterfuge or surreptitiously remains in any building or

*(Footnote Continued Next Page)*

trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court." ***Commonwealth v. Weathers***, 95 A.3d 908, 910-911 (Pa. Super. 2014), *citing* ***Commonwealth v. Diggs***, 949 A.2d 873, 879 (Pa. 2008). Therefore, on appeal, the reviewing court "reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence." ***Id.*** Indeed, it is well established that it is for the factfinder to determine the weight given to the evidence produced at trial. ***Commonwealth v. Ferguson***, --- A.3d ---, 2015 WL 49438, at *4-5 (Pa. Super. 2015) (citation omitted). Because it is the role of the factfinder to weigh the evidence, an appellant seeking to challenge the weight of the evidence carries a heavy burden.

> If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

***Id.*** We also highlight that "[a] new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses." ***Commonwealth v.***

_____
*(Footnote Continued)*

> occupied structure or separately secured or occupied portion thereof[.]

18 Pa.C.S.A. § 3503(a)(1)(i).

*Gonzalez*, --- A.3d ---, 2015 WL 252446, at *8 (Pa. Super. 2015). "[O]nly where the facts and inferences disclose a *palpable abuse of discretion* will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal." *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (emphasis in original; citation omitted).

Instantly, we conclude Appellant is not entitled to relief based on his claim that the trial court abused its discretion by denying his motion to set aside the verdict as against the weight of the evidence. Appellant's Brief at 9. At trial, Brosko testified he viewed Appellant while Appellant was standing inside Brosko's fenced-in yard, Appellant jogged toward Brosko, and when Appellant was approximately 15 feet away from Brosko, Appellant climbed over the fence. N.T., 4/29/13, at 12-13. Appellant testified on his own behalf that he was never inside Brosko's property, that he has COPD and takes eight different medications, that it is difficult for him to run, and that he could never "jump" over a seven-foot fence. *Id.* at 23-24. No other witnesses were called to testify before the trial court.[4]

---

[4] There were two stipulations by and between counsel regarding the testimony of witnesses. The first stipulation was that if the Commonwealth called the detective on the case to testify, he would testify the vehicle identified by Brosko in the 911 call was registered to Appellant. N.T., 4/29/13, at 17. The second stipulation was to the testimony of a character witness for Appellant, who would testify Appellant had a reputation in the community as honest, peaceful, and law-abiding. *Id.* at 20.

The crux of Appellant's argument is that the complainant's testimony was "highly improbable as [Appellant] suffered from a debilitating illness called Chronic Obstructive Pulmonary Disease or COPD." Appellant's Brief at 9. He further argues that his own testimony that "[Appellant] was diagnosed with COPD, took eight different medications for this condition and walked with the assistance of a cane [] was not given due consideration, even though [Appellant] had a reputation in the community for being a truthful, honest, and law-abiding person." *Id.*

The trial court explained its ruling as follows.

> Notwithstanding [Appellant]'s assertion to the contrary, his testimony that he suffered COPD, … does not, in and of itself, discredit Mr. Brosko's testimony that he observed Appellant trotting and climbing over the fence. Nor does [Appellant]'s testimony, in and of itself, render the verdict contrary to the weight of the evidence. [Appellant] did not present any medical evidence and/or other evidence to support his assertion that he suffered COPD.
>
> …
>
> The verdict rendered evinces that Mr. Brosko's testimony was accepted as credible and that [Appellant]'s testimony was rejected as not credible. [Appellant]'s testimony that he had COPD is self-serving and without other support in the record. Moreover, it is refuted by the credible testimony of Mr. Brosko. Under the circumstances of this case, the [trial court]'s rejection of [Appellant]'s testimony does not shock one's sense of justice.

Trial Court Opinion, 8/1/14, at 6-7.

We conclude the trial court properly exercised its discretion in denying Appellant's motion for a new trial based on the weight of the evidence. **See Weathers**, **supra.** It is clear the facts and inferences of the instant case do not demonstrate a palpable abuse of discretion by the trial court when it refused to grant a new trial based on a reassessment of the credibility of the witnesses at trial. **See Morales**, **supra**; **Gonzalez**, **supra**. Accordingly, the trial court's April 29, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2015