J-S13026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM R. METCALF | |
| Appellant | No. 1174 WDA 2014 |

Appeal from the Judgment of Sentence March 10, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001055-2012

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                          **FILED APRIL 1, 2015**

Appellant, William R. Metcalf, appeals from the aggregate judgment of sentence of one year, less one day, to two years, less one day, of imprisonment followed by 42 months' probation imposed after a jury convicted Appellant of indecent assault, endangering the welfare of children, and corruption of minors.[1]  After careful review, we affirm.

We recount the relevant factual and procedural history of this case as follows.  On February 9, 2012, Appellant was living with his fiancé, N.T., her eight-year-old daughter, D.T., and the couple's two, young daughters.  **See** N.T., 11/13/13, at 62-63.  That evening, D.T. went into the bedroom that

_____

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 4304(a)(1), and 6301(a)(1), respectively.

Appellant shared with N.T. and laid down next to her mother, who was asleep. *See id.* at 52, 65. Appellant then told D.T. to come to where he was in the bedroom and touched D.T. "inside" her "private." *Id.* at 51-53. D.T. related that her "private" is "where you go to the bathroom at[]" and specifically, "peeing." *Id.* at 51.

Appellant then left the room, and D.T. left and went into her sisters' room. *Id.* at 53. N.T. awoke and noticed D.T. was acting "funny" and that D.T.'s underwear was "crooked, sideways" and "twisted." *Id.* 66-67. N.T. then "pulled [D.T.'s] underwear down" and observed that "her private area was deep red." *Id.* at 67. N.T. then called a friend who called the police. *Id.* at 68. Police Officer David Tresky of the White Township Police Department received the complaint at approximately 9:07 p.m. that evening and reported to the residence. *Id.* at 89-90. After speaking with N.T. and D.T., Officer Tresky transported N.T. and her children to Heritage Valley Medical Center where the emergency room physician, Dr. Matthew Wheeler, examined D.T. *Id.* at 93, 109. Thereafter, on February 21, 2012, D.T. was interviewed by Dr. Kevin Rau, a forensic interviewer, and examined by Dr. Mary Carrasco, a pediatrician who specializes in child abuse, at A Child's Place at Mercy. *Id.* at 115, 161-163.

On May 7, 2012, the Commonwealth charged Appellant with the aforementioned offenses as well as aggravated indecent assault.[2] Appellant entered a plea of *nolo contendere* to aggravated indecent assault on May 7, 2013. The trial court held a hearing to determine if Appellant was a sexually violent predator on August 28, 2013. At that time, counsel for Appellant informed the trial court that Appellant wished to withdraw his plea, and the trial court heard testimony and argument on the request. N.T., 8/28/13, at 3-46. On August 29, 2013, the trial court granted Appellant's motion to withdraw his plea, and the case proceeded to a three-day jury trial on November 13, 2013. At the conclusion of the trial, the jury found Appellant guilty of indecent assault, endangering the welfare of children and corruption of minors and not guilty of aggravated indecent assault.

On March 10, 2014, the trial court sentenced Appellant to one year, less one day, to two years, less one day, of imprisonment followed by 42 months' probation[3] and to comply with the registration requirements

_____

[2] 18 Pa.C.S.A. § 3125(b).

[3] Specifically, the trial court sentenced Appellant to a term of imprisonment of one year, less one day, to two years, less one day, of imprisonment followed by three years' probation for indecent assault. On the conviction for endangering the welfare of children, the trial court sentenced Appellant to a term of imprisonment of one year, less one day, to two years, less one day, of imprisonment followed by three years' probation. On the conviction for corruption of minors, the trial court sentenced Appellant to nine to 18 months' imprisonment followed by 42 months' probation. The sentences were imposed to run concurrently.

pursuant to the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41. Appellant filed a timely post-sentence motion on March 11, 2014, wherein he challenged the sufficiency of the evidence at trial and requested bond and credit for time-served. Post-Sentence Motion, 3/11/14, at 1-4 (unnumbered). He also requested an extension to file an amended post-sentence motion upon receipt of transcripts. *Id.* On April 17, 2014, the trial court dismissed his request for bond as moot because Appellant was released under the supervision of parole on that date and denied his request for credit for time-served. Trial Court Order, 4/17/14. By separate order on April 17, 2014, the trial court ordered Appellant to file an amended post-sentence motion, if desired, by May 19, 2014. Appellant filed an amended post-sentence motion on May 14, 2014, wherein he raised challenges to the weight and sufficiency of the Commonwealth's evidence. *See* Brief in Support of Amended Post-Trial Motion, 5/14/14, at 1-5 (unnumbered). The trial court denied Appellant's motion on July 2, 2014, and Appellant filed the instant timely appeal on July 18, 2014.[4]

On appeal, Appellant raises the following two issues for our review.

> I. Whether the Commonwealth presented sufficient evidence to convict [] Appellant of indecent assault,

_____

[4] The trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and Appellant timely filed his statement. In its Rule 1925(a) opinion, the trial court directs this Court to its July 2, 2014 opinion, denying Appellant's post-sentence motion. Trial Court Opinion, 8/19/2014.

endangering welfare of children and corruption of minors?

II. Whether the conviction of []Appellant on the charges of indecent assault, endangering welfare of children and corruption of minors goes against the weight of the evidence?

Appellant's Brief at 6.

We employ a well-settled standard of review over claims challenging the sufficiency of the evidence. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, 2015 WL 731963 (U.S. 2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" *Id.* (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence

produced, is free to believe all, part or none of the evidence." *Commonwealth v. Orie*, 88 A.3d 983, 1014 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied, Diamond v. Pennsylvania*, 135 S. Ct. 145 (2014).

Appellant argues, "[t]he Commonwealth's evidence was insufficient to enable the finder of fact to find that all the elements of the offenses were established beyond a reasonable doubt." Appellant's Brief at 9-10. However, before we may address the merits of Appellant's claim, we must first address whether Appellant has preserved this issue for our review. Pennsylvania Rule of Appellate Procedure 1925(b) requires Rule 1925(b) statements to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(ii). Any issue not raised in accordance with Rule 1925(b) is waived. Pa.R.A.P. 1925(b)(vii). Our Supreme Court has clarified that Rule 1925(b) is a bright-line rule. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). Additionally, with regard to claims pertaining to the sufficiency of the Commonwealth's evidence, we have stated as follows.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, **an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the**

> **appellant alleges that the evidence was insufficient**. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (internal quotation marks and citations omitted; emphasis added).

In the instant case, Appellant was convicted of three, separate offenses, yet Appellant's challenge to the sufficiency of evidence in his Rule 1925(b) statement baldly asserted, "[t]he Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt all the elements of the offenses for which [] Appellant was convicted[.]"  Rule 1925(b) Statement, 8/18/2014, at 2.

Based on our cases, we are constrained to conclude that Appellant has not complied with Rule 1925(b) because his concise statement fails to specify which elements of the listed offenses the Commonwealth did not prove beyond a reasonable doubt. *See Garland*, *supra* (concluding that Garland's bald Rule 1925(b) statement that "[t]he evidence was legally insufficient to support the convictions[]" was non-compliant with Rule 1925(b)); *Commonwealth v. Williams*, 959 A.2d 1252, 1256 (Pa. Super. 2008) (concluding that Williams' bald Rule 1925(b) statement that "[t]here was insufficient evidence to sustain the charges of Murder, Robbery, VUFA no license, and VUFA on the streets … [t]hus [Appellant] was denied due

process of law[]" was non-compliant with Rule 1925(b)). Accordingly, this claim is waived.[5]

Next, Appellant argues, "[t]he [] Appellant's conviction goes against the weight of the evidence." **Id.** at 10. We begin by acknowledging that "[a] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." **Commonwealth v. Thompson**, --- A.3d ---, 2014 WL 6948150, at *10 (Pa. Super. 2014) (citation omitted). Our Supreme Court has clarified that, "[a] motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court." **Commonwealth v. Weathers**, 95 A.3d 908, 910-911 (Pa. Super. 2014), *citing* **Commonwealth v. Diggs**, 949 A.2d 873, 879 (Pa. 2008). Therefore, on appeal, the reviewing court "reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence." **Id.** Indeed, it is well established that it is for the factfinder to

_____

[5] We observe Appellant's argument in support of this issue is also woefully underdeveloped. Aside from outlining our standard of review, Appellant's argument section with regard to his sufficiency claim contains no citations to legal authority nor does Appellant provide any discussion at all on the crimes for which Appellant was convicted or any subsumed element. **See** Appellant's Brief at 9-10. Accordingly, we could also find waiver on this basis. **See Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding appellant waived his issue on appeal when he failed to develop his argument with discussion of pertinent facts and authority.); **accord** Pa.R.A.P. 2119, 2101.

determine the weight given to the evidence produced at trial. ***Commonwealth v. Ferguson***, --- A.3d ---, 2015 WL 49438, at *4-5 (Pa. Super. 2015) (citation omitted). Because it is the role of the factfinder to weigh the evidence, an appellant seeking to challenge the weight of the evidence carries a heavy burden.

> If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

***Id.*** We also highlight that "[a] new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses." ***Commonwealth v. Gonzalez***, --- A.3d ---, 2015 WL 252446, at *8 (Pa. Super. 2015). "[O]nly where the facts and inferences disclose a *palpable abuse of discretion* will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal." ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (emphasis in original; citation omitted).

Instantly, Appellant argues the verdict is contrary to the weight of the evidence because "[t]he evidence against [Appellant] is suspect at best." Appellant's Brief at 10. Specifically, Appellant challenges that "[t]he Commonwealth attempted to bolster [its] case by the utilization of [Special Agent] Ambrosini[]" and the admission of a statement he took from Appellant. ***Id.*** However, Appellant argues that Special Agent Ambrosini

- 9 -

"clearly stated that [] Appellant did not see what he had typed onto his computer[]" before signing the statement. *Id.* Further, Appellant asserts that "[t]he Commonwealth presented two expert witnesses who both stated that there was no clear evidence of trauma." *Id.* Upon review, we disagree.

In denying Appellant's post-sentence motion, the trial court summarized the testimony relevant to this weight challenge as follows.

> Dr. Matthew Wheeler, an assistant medical director at Heritage Valley Health System, testified that on February 9, 2012, he was working in the emergency room department of the Heritage Valley Medical Center and examined D.T. Dr. Wheeler performed an external examination and did not find any injuries. He did not perform [an] internal examination as he believed it would be too intrusive for the child and unlikely to yield evidence.

> Dr. Kevin Rua, a forensic interviewer at "A Child's Place at Mercy", testified that he interviewed D.T. on February 21, 2012. In the course of the interview, D.T. told him that on the date of the incident[,] she awoke and went to lie down next to her mother; [Appellant] told her not to "mess with" the dogs and moved her next to him; [Appellant] then put his finger in her "second hole" and it hurt.

> Special Agent Robert Ambrosini, of the Federal Bureau of Investigation, testified that he initially explained the allegations, which [Appellant] denied. Agent Ambrosini told [Appellant] that he did not believe [Appellant's] denial and suggested the possibility that [Appellant] had gotten "turned around" in bed and mistook [N.T.] for D.T. [Appellant] agreed that was possible and he believed that was what happened. Agent Ambrosini traced [Appellant's] hand on a piece of paper and asked [Appellant] to draw a line to indicate the length of

his penetration into D.T.'s vagina, which [Appellant] did. Agent Ambrosini prepared a written statement[.] … [Appellant] and Agent Ambrosini signed the statement….

Dr. Mary Carrasco, the director of "A Child's Place at Mercy", testified that she examined D.T. on February 21, 2014. Her examination disclosed a "notch depression of her [D.T.'s] hymen." Dr. Carrasco testified that this physical condition could have been caused by trauma or penetration but is not clear evidence of sexual abuse.

Appellant testified he had lived with [N.T.] for six and one half years. On February 9, 2012, he heard D.T. making noise and attempting to wake up her sisters. He instructed her to lie next to [N.T.] on the floor of their bedroom. D.T. then began to play with their dog and [Appellant] instructed her to lie on the floor next to him. D.T. would not lie still and [Appellant] "smacked her" and instructed her to go back to sleep.

Appellant further testified that during his interview with Agent Ambrosini[,] he refused to sign the proposed statement; [Appellant] signed the digital signature pad believing that he was signing a waiver for release of information. [Appellant] further testified that the outline of his hand was referring to a different incident when he was playing with D.T. and his two children at a pool, his hand slipped picking up D.T. and the pad of his finger touched her vagina."

Trial Court Opinion, 7/2/14, at 5-7. The trial court explicitly noted, "[t]he [trial c]ourt does not find that the [j]ury's verdict was so contrary to the evidence as to shock one's sense of justice." *Id.* at 10.

In the instant case, D.T. testified Appellant touched her with his finger inside her private area, where she goes to the bathroom. N.T., 11/13/13, at

51-53. N.T. testified that following the incident, D.T. acted "funny," D.T.'s underwear was twisted, and her genital area appeared red. ***Id.*** at 66-67. The jury, as fact-finder, was free to believe D.T.'s account of the incident and determine the weight given to all of the evidence produced at trial. ***See Ferguson***, ***supra***. Moreover, Appellant is not entitled to a new trial based on a reassessment of the credibility of witnesses. ***See Gonzalez***, ***supra***. Therefore, we conclude the trial court properly exercised its discretion in denying Appellant's motion for a new trial based on the weight of the evidence. ***See Weathers***, ***supra.*** Accordingly, we affirm the March 10, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015