J-S05045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHESTER S. CONNELLY, JR., | |
| Appellant | No. 883 MDA 2016 |

Appeal from the Judgment of Sentence January 27, 2016
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0001965-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:  **FILED MARCH 01, 2017**

Appellant, Chester S. Connelly, Jr., appeals from the judgment of sentence imposed following his conviction of harassment and two related summary offenses.  We affirm.

We take the relevant facts and procedural history of this case from our independent review of the certified record.  Appellant and the victim, Brad Foltz, were neighbors and lived directly across the street from one another in Cleona, Pennsylvania.[1]  On the evening of August 18, 2014, while Mr. Foltz and his young children were outside in their yard playing, a group of teenagers and young adults gathered in and around Appellant's home,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mr. Foltz and his family had relocated to New Jersey as of the time of trial.

primarily underneath his carport. Because the group was very vocal and used obscenities, which Mr. Foltz and his children could clearly hear, Foltz asked the group to watch their language. The group did not comply and intensified their activities. Appellant was not present at the time, but when he returned home, he informed Mr. Foltz "that anytime [Foltz has] issues with his friends that [Foltz] need[s] to go through [him]." (N.T. Trial, 12/11/15, at 20).

The following morning, August 19, at approximately 6:15 a.m., Mr. Foltz approached his vehicle, which was parked along the street, to go to work. Appellant walked down his own driveway towards Mr. Foltz in an agitated manner and said, "this is fucking bullshit[.]" (*Id.* at 21). Appellant continued to yell that he was "going to bring World War 3 onto the neighborhood and will bring fucking gangs to Cleona." (*Id.*; *see id.* at 22). Mr. Foltz contacted the police.

The case proceeded to a jury trial on December 11, 2015, at which Mr. Foltz was the sole witness.[2] At the conclusion of trial, the jury found Appellant guilty of harassment as a misdemeanor of the third degree, and the trial court found him guilty of the summary offenses of disorderly

---

[2] Relevant to the instant appeal, as will be discussed *infra*, defense counsel argued that Appellant did not direct his statements on August 19, 2014, towards Mr. Foltz, and instead directed them to another, unidentified male who was walking down the street at the time. (*See* N.T. Trial, at 46-48).

conduct and harassment.[3]  On January 27, 2016, the court sentenced Appellant to a term of one year of probation, with the first sixty days on house arrest with electronic monitoring.  Appellant filed a timely post-sentence motion, including a challenge to the weight of the evidence, which the trial court denied by opinion and order entered April 28, 2016.  This timely appeal followed.[4]

Appellant raises the following issues for our review:

[1.] Did [Appellant] lack the intent to harass, annoy, or alarm Brad Foltz when he stated that the neighbors had started "World War 3" and/or he would bring gangs to the neighborhood because it was a legitimate communication in response to a young white male complaining about a noise ordinance?

[2.] Should [Appellant's] motion for a new trial be granted because the jury placed too great a weight on the testimony of the Commonwealth's sole witness Brad Foltz because he provided inconsistent statements regarding the events of August 19, 2014?

_____

[3] 18 Pa.C.S.A. §§ 2709(a)(4), 5503(a)(1), and 2709(a)(3), respectively.
[4] Appellant filed a concise statement of errors complained of on appeal on July 8, 2016, several days past the June 28, 2016, deadline set by the trial court.  **See** Pa.R.A.P. 1925(b).  The court entered a Rule 1925(a) opinion on July 12, 2016, in which it relied on its April 28, 2016 opinion, and noted that although Appellant failed to timely file the concise statement, the court fully addressed all of his issues in that opinion.  **See** Pa.R.A.P. 1925(a); (**see also** Trial Court Opinion, 7/12/16, at 1).  Under these circumstances, we will address the merits of Appellant's criminal appeal, despite his untimely filing. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we . . . may address the merits of the issues presented.") (citation omitted); **see also Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*).

(Appellant's Brief, at 4).

In his first issue, Appellant challenges the sufficiency of the evidence supporting his harassment conviction. (*See id.* at 9-10). Appellant argues that he did not make his statements with the intent to harass, annoy, or alarm Mr. Foltz, who was standing sixty feet away from him at the time. (*See id.*). Instead, Appellant claims, he directed his statements to someone else entirely, a young white male who was present during the incident. (*See id.*). Appellant asserts that his comments were a legitimate communication to this other individual, who was complaining about his receipt of a noise violation. (*See id.* at 10). This issue lacks merit.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Giordano*, 121 A.3d 998, 1002-03 (Pa. Super. 2015), *appeal denied*, 131 A.3d 490 (Pa. 2016) (citations omitted).

- 4 -

The statute under which the jury convicted Appellant provides in relevant part as follows: "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: . . . (4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]" 18 Pa.C.S.A. § 2709(a)(4). Section 2709 defines the term "Communicates," in pertinent part, as "[c]onveys a message without intent of legitimate communication or address by oral . . . means[.]" 18 Pa.C.S.A. § 2709(f). Additionally, "[a]n intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013) (citation omitted).

Here, Mr. Foltz testified that he felt threatened by Appellant's agitated yelling of obscenities and warning that he was "going to bring World War 3 onto the neighborhood and will bring fucking gangs to Cleona." (N.T. Trial, 12/11/15, at 21; *see id.* at 22). Mr. Foltz explained, "[Appellant] was addressing me and my displeasure with the previous night . . . [h]e was upset with me." (*Id.* at 21). On cross-examination, Mr. Foltz acknowledged that, around the time of the incident, there was a young male walking down the street towards Appellant's house, complaining about a noise citation that he had received. (*See id.* at 27, 30-33). However, Mr. Foltz emphatically testified that Appellant angrily directed the threatening statements towards him, and not towards this other, unidentified individual. (*See id.* at 21-22,

35, 38). Mr. Foltz further testified that this other male was not present until after Appellant made the statements at issue. (***See id.*** at 22, 35).

After review of the record, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, ***see Giordano***, ***supra*** at 1002, we agree with the trial court's assessment of Appellant's sufficiency claim. The totality of the circumstances clearly demonstrate that Appellant communicated threatening and obscene language to Mr. Foltz, and that he did so with the intent to harass, annoy or alarm Foltz. ***See*** 18 Pa.C.S.A. § 2709(a)(4); ***Cox***, ***supra*** at 721. Accordingly, Appellant's first issue does not merit relief.

In his second issue, Appellant challenges the weight of the evidence supporting his harassment conviction, arguing that the jury placed too much emphasis on Mr. Foltz's testimony.[5] (***See*** Appellant's Brief, at 10-11). Appellant contends that Mr. Foltz's testimony was inconsistent with regard to the August 19, 2014 episode, and the involvement of the unidentified male. (***See id.***). We disagree.

Our standard of review is as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.

---

[5] Appellant preserved his weight claim by raising it in his post-sentence motion. ***See*** Pa.R.Crim.P. 607(A)(3).

As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation and quotation marks omitted). "[T]he trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Weathers*, 95 A.3d 908, 911 (Pa. Super. 2014), *appeal denied*, 106 A.3d 726 (Pa. 2015) (citation omitted).

Here, the trial court stated that the jury, as factfinder, was free to resolve any credibility issues, and to credit Mr. Foltz's testimony instead of the defense theory of the case. (*See* Trial Ct. Op., 4/28/16, at 6). It concluded that the evidence supported the jury's verdict, and that the verdict did not shock its conscience. (*See id.*). Upon review, we conclude that the record belies Appellant's characterization of Mr. Foltz's testimony as inconsistent, and that the trial court did not palpably abuse its discretion in

ruling on Appellant's weight claim. **See Boyd**, **supra** at 1275. Therefore, Appellant's second issue does not merit relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017