COMMONWEALTH of Pennsylvania,
Appellant,

v.

Paul M. LEDOUX, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 7, 2000.

Filed Jan. 26, 2001.

Eric T. Schwarz, Asst. District Atty., Meadville, for Com., appellant.

Gene P. Placidi, Erie, for appellee.

Before DEL SOLE, LALLY–GREEN, and BROSKY, JJ.

LALLY–GREEN, J.:

¶ 1 The Commonwealth appeals from the order entered March 23, 2000, denying the Commonwealth's Motion to Amend Sentence. We quash the appeal.

¶ 2 The background to the case is as follows. On October 22, 1999, Appellee, Paul Ledoux, pled guilty to the summary offense of Driving on the Wrong Side of the Highway, 75 Pa.C.S.A. § 3301. The conviction resulted from an incident on December 1, 1998, where Appellee's vehicle crossed the center line and caused a head-on collision with another vehicle. N.T., 10/22/99, at 25–27.[1] The Commonwealth *nol prossed* a charge of Driving Under the Influence. *Id.*

¶ 3 On the same day, following a brief discussion, the court imposed a sentence of costs and fines. *Id.; see also,* Docket Entry 16. During the hearing, the Commonwealth did not request that the sentence include restitution.

¶ 4 Eighteen days later, on November 9, 1999, the Commonwealth filed a Motion to Modify Sentence. Docket Entry 17. Specifically, pursuant to 18 Pa.C.S.A. § 1106(a),[2] the Commonwealth sought to add "restitution for the Borough of Cochranton in the amount of $2,364.37 and to Fireman's Fund Insurance Company in the amount of $22,016.40." *Id.* On March 2, 2000, the court held a hearing on this motion. On March 23, 2000, the court denied the motion as untimely under Pa. R.Crim.P. 1411. Docket Entry 23. The

---

1. The Notes of Testimony from this hearing are erroneously dated October 25, 2000.

2. Section 1106(a), amended effective December 3, 1998, states in relevant part that "upon conviction for any crime wherein property has been stolen, converted, or otherwise un-lawfully obtained, or its value substantially decreased as a direct result of the crime, the offender **shall be sentenced** to make restitution in addition to the punishment prescribed therefor." (emphasis added).

Commonwealth filed its notice of appeal on April 1, 2000. Docket Entry 25.[3] In its opinion under Pa.R.A.P.1925, the trial court further explained that the order should be affirmed because the Commonwealth failed to seek restitution at the sentencing hearing. Trial Court Opinion, 4/6/2000, at 3.

¶ 5 The Commonwealth raises two issues on appeal:

1. Whether a driver is responsible for restitution to the owner of the other car, when, after driving his car head-on into the other vehicle, he pled guilty to one count of Driving on Right Side of Highway, and such count stated in the 'to wit' section that the Defendant "did fail to drive his vehicle on the right half of the roadway and caused a head-on collision with another vehicle?"

2. Whether the Commonwealth should be permitted to challenge the absence of restitution in a sentence, even after the expiration of the period in which the Commonwealth must seek to amend a sentence, where restitution is mandated by law?

Commonwealth's Brief at 3.

¶ 6 Before addressing the Commonwealth's issues, we must determine whether the appeal is properly before us. *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 587 (1999) (appellate courts may consider the issue of jurisdiction *sua sponte* ). Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. *Commonwealth v. Miller*, 715 A.2d 1203, 1205 (Pa.Super.1998).

¶ 7 Rule 1411, Procedures for Commonwealth Challenges to Sentence; Sentencing Appeals, governs the question of whether the appeal is timely. Where the defendant has not filed post-sentence motions, the Commonwealth's notice of appeal is due within 30 days of the entry of the order imposing sentence. Pa.R.Crim.P. 1411(B)(2)(a)(ii). The Commonwealth may file post-sentence motions under Pa. R.Crim.P. 1411(A)(1) and such motions must be filed within 10 days of the date that sentence was imposed. Pa.R.Crim.P. 1411(B)(1). If the Commonwealth files a **timely** post-sentence motion, the Commonwealth's notice of appeal is due 30 days after the trial court disposes of the motion. Pa.R.Crim.P. 1411(B)(2)(b)(ii).

¶ 8 Here, the record reflects that the judgment of sentence was imposed on October 22, 1999. The Commonwealth's post-sentence motion was filed November 9, 1999. The court denied the motion on March 23, 2000. The Commonwealth's notice of appeal was filed April 1, 2000. Since the Commonwealth's post-sentence motion was filed beyond the 10–day limit, the post-sentence motion was untimely. Because the post-sentence motion was untimely, Rule 1411(B)(2)(b)(ii) (allowing the Commonwealth to file its notice of appeal 30 days after the court disposes of **timely** post-sentence motions) has not been triggered. In other words, under Rule 1411 the trial court has the discretion to treat untimely post trial motions as if they had not been filed at all. This is what the trial court did in the instant case. Under these circumstances, the Commonwealth's appeal had to have been taken within 30 days of the entering of the sentence under Rule 1411(B)(2)(a)(ii). Here, the appeal was taken on April 1, 2000, well beyond that 30–day time frame. Therefore, the appeal is untimely.[4]

---

**3.** On March 28, 2000, the Commonwealth filed a notice of appeal from an order purportedly entered on March 2, 2000. Docket Entry 24. The Commonwealth was notified that no such order exists in the certified record. Docket Entry 26. The Commonwealth's amended notice of appeal, dated April 1, 2000, corrected this defect.

**4.** This Court addressed a similar procedural problem in *Commonwealth v. Rohrer*, 719 A.2d 1078 (Pa.Super.1998). In that case, the Commonwealth filed a motion to modify sentence three and one-half months after sentence was imposed. *Id.* at 1079. Specifically, the Commonwealth sought to add a sentence of restitution under 18 Pa.C.S.A. § 1106. *Id.* The trial court granted the mo-

¶ 9 For the reasons set forth above, we are constrained to quash the appeal for lack of appellate jurisdiction.

¶ 10 Appeal quashed.

tion, and the defendant appealed. This Court held that the Commonwealth's motion was untimely, and that the trial court lacked jurisdiction to amend the sentence. *Id.* The Court reasoned as follows. First, under 42 Pa.C.S.A. § 5505, courts generally retain jurisdiction to modify the judgment of sentence for 30 days, unless a notice of appeal has been filed. *Id.* at 1080. The trial court also has the inherent power to correct patent and obvious mistakes even if this 30 day period has lapsed. *Id.* The Commonwealth argued that the sentence, which did not include restitution, was illegal under § 1106, and therefore the court could correct the error at any time. The *Rohrer* Court rejected this claim because at the time of sentencing, restitution was merely discretionary and not mandatory with the court. *Id.* at 1081. Accordingly, the trial court did not have jurisdiction to entertain the Commonwealth's untimely motion to modify. *Id.*

In *dicta,* the Court noted that Rule 1411 was inapplicable because it had not been enacted at the time of sentencing. *Id.* at 1079 n. 2. Nevertheless, the Court noted that "the result would be the same" under Rule 1411 because the Commonwealth failed to file either timely post-sentence motions or a timely direct appeal with this Court. *Id.* We noted that "nothing in [Rule 1411] alters the well established timing provisions governing motions to modify and direct appeals: the Commonwealth's motion to modify must be filed no later than 10 days after the judgment of sentence; and an appeal of the sentence must be filed within 30 days of the entry of the order disposing of the defendant's post-sentence motion or, if no motion was filed by the defendant, within 30 days of the entry of an order imposing sentence." *Id., citing,* Rules 1411(B)(1), 1411(B)(2)(a)(i)-(ii).