**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Thomas BILGER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2002.
Filed June 27, 2002.

Jeanne Trivellini, Public Defender, Reading, for appellant.

James M. Smith, Asst. Dist. Atty., Reading, for Commonwealth, appellee.

Before LALLY–GREEN, BENDER and KELLY, J.

BENDER, J.

¶ 1 This is an appeal from a judgment of sentence imposed upon Appellant after he was convicted, in a bench trial, on counts of possession of marijuana and possession of drug paraphernalia. Appellant raises one question for appellate review, did not the lower court err in denying Appellant's motion to suppress the marijuana pipe and marijuana seized subsequent to an unlawful custodial detention and arrest by a non-uniformed Pennsylvania State Police Trooper? We quash.

¶ 2 On July 7, 2000, a vehicle was pulled over by Pennsylvania State Police Trooper Douglas Howell on Route 78 in Berks County. Trooper Howell effectuated the stop after observing, in his estimation, the vehicle being driven in violation of several Motor Vehicle Code sections. Upon engaging the vehicle's driver, Appellant herein, in conversation, and upon observing a pipe on Appellant's lap, Trooper Howell suspected Appellant to be at least in possession of marijuana, if not under the influence of that same controlled substance. In response to Trooper Howell's inquiry, Appellant indicated that there was marijuana under the floor mats. Appellant was then placed in handcuffs and a quantity of a green, leafy, substance, later testing positive as marijuana, was retrieved from underneath the floor mats. Appellant was subsequently taken to the Police Barracks and charged, by criminal complaint, with a variety of possession and motor vehicle violation charges, including driving under the influence. After a preliminary hearing all charges were bound over to court. On October 6, 2000, a criminal information was filed setting forth the charges against Appellant.

¶ 3 On December 7, 2000, in response to the criminal information, Appellant filed an omnibus pre-trial motion seeking suppression of the marijuana and pipe. Appellant's suppression motion was heard on February 16, 2001, immediately following a pre-trial hearing which found the Commonwealth withdrawing the various motor vehicle code violations, including the charge of driving under the influence.[1] On March 23, 2001, the court denied Appellant's motion to suppress. A bench trial commenced on May 11, 2001, and was decided upon stipulated facts. At the completion of the trial Appellant was convicted of possession of marijuana, 30 grams or less, and possession of drug paraphernalia. On the same day, Appellant was sentenced to twelve months probation. On May 22, 2001, Appellant filed a single document containing motions for new trial, arrest of judgment and judgment of acquittal (hereinafter, "post-sentence motions"). On May 24, 2001, the court denied Appellant's post-sentence motions. On June 19, 2001, Appellant filed the present appeal.

¶ 4 Before we address the merits of Appellant's appeal, we must address a

---

1. It appears that these charges were dropped because the Commonwealth believed there was merit to Appellant's charge that the arrest was "illegal," at least with respect to the counts of violating the Motor Vehicle Code. Commonwealth's Brief at 6.

question of our jurisdiction to entertain the appeal. As the chronological history set forth above reveals, Appellant filed post-sentence motions on May 22, 2001, eleven days after entry of his judgment of sentence on May 11, 2001. Pennsylvania Rule of Criminal Procedure 720 allows ten days for the filing of a post-trial motion. The Rule reads:

RULE 720. POST–SENTENCE PROCEDURES; APPEAL

(A) TIMING.

(1) Except as provided in paragraph (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

Since Appellant's post-sentence motions were not filed within ten days, they were untimely under 720(A)(1). Nevertheless, despite their untimeliness, the court "denied"[2] Appellant's post-trial motions on May 24, 2001 without any reference to the fact that they were untimely. Ostensibly, then, the dismissal was based upon the merits of the post-sentence motions.[3] Reference to Rule 720 indicates that a defendant has thirty days in which to file an appeal to this court. Appellant filed his notice of appeal on June 19, 2001, within 30 days of the "denial" of his post-trial motions, but more than 30 days from the entry of his judgment of sentence. Thus the timeliness of Appellant's appeal depends upon when Appellant's appeal period began.

¶ 5 With respect to the filing of an appeal Rule 720 continues:

(2) If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:

(a) within 30 days of the entry of the order deciding the motion;

(b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or

(c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

(3) If the defendant does not file a post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence, except as provided in paragraph (A)(4).

(Emphasis added). As can be readily observed by reading the text of Rule of Criminal Procedure 720, ordinarily, when a post-sentence motion is filed an appellant has thirty (30) days from the denial of the post-sentence motion within which to file a notice of appeal. However, by the explicit terms of Pa.R.Crim.P. 720(A)(2), the provision allowing thirty days from the denial of post-trial motions is contingent upon the timely filing of a post-trial motion. The next applicable section, 720(A)(3), deals with a situation where an appellant does not file a post-sentence motion. In this instance, an appellant must file his or her appeal within thirty days of the imposition of sentence. Noticeably absent from a text of the rule is a provision which deals with a situation where the appellant has filed an untimely post-sentence motion,

**2.** Appellant's post-sentence motions were denied by a form order wherein the court placed an "X" in a space next to the following wording: "The Petition of the Public Defender's Office is **Denied.**" (Bolding in original). The form order was affixed to a copy of Appellant's "Post–Sentence Motion" and was signed by the court. Other than the operable date, the order contained no additional notation.

**3.** The trial court's Rule 1925 Opinion makes no reference to the untimeliness of the post-sentence motions and offers an analysis of the merits of Appellant's suppression argument.

which, of course, is the circumstance presented here.

¶ 6 Conceptually speaking, it could be argued that a late-filed post-sentence motion is essentially a nullity and thus, this circumstance should be treated as if no post-sentence motion had been filed at all. To the extent this analysis has intellectual appeal, the holding in *Commonwealth v. Ledoux*, 768 A.2d 1124 (Pa.Super.2001), would seemingly support such a view. In *Ledoux*, we considered a similar circumstance to that presented here, although it involved a Commonwealth appeal under then Pa.R.Crim.P. 1411.[4] The Commonwealth filed a post-sentence motion eighteen days after imposition of sentence and ultimately filed its appeal to this Court within thirty days of denial of its post-sentence motion, but more than thirty days from the imposition of sentence. Unlike here, the Commonwealth's post-sentence motion was denied by the trial court "as untimely." Upon appeal, we quashed after determining that the Commonwealth's appeal was untimely as the event triggering the appeal period was the imposition of sentence, not the denial of the Commonwealth's tardy post-sentence motion. The Opinion reads:

> Since the Commonwealth's post-sentence motion was filed beyond the 10-day limit, the post-sentence motion was untimely. Because the post-sentence motion was untimely, Rule 1411(B)(2)(b)(ii) (allowing the Commonwealth to file its notice of appeal 30 days after the court disposes of **timely** post-sentence motions) has not been triggered.

4. Now Pa.R.Crim.P. 721, Procedures for Commonwealth Challenges to Sentences; Sentencing Appeals, this rules has parallel provisions to former Rule 1410, now Rule 720.

768 A.2d at 1125. (Emphasis in the original).

¶ 7 Two seemingly controlling points are made in the above passage. First, in order for the denial of post-sentence motions to become the triggering event, it is necessary that the post-sentence motions be timely filed. Second, absent a timely filed post-sentence motion, the triggering event remains the date sentence is imposed. Thus, *Ledoux* seemingly stands for the proposition that an untimely filed post-sentence motion has the same effect as not filing a post-sentence motion at all, at least as it relates to triggering the appeal period.

¶ 8 Since the term "timely" does not precede the terms "post-sentence motion" in the text of 720(A)(3), the literal language of Rule 720(A)(3) does not mandate the above interpretation. However, there is evidence in the Comment to Rule 720 that the rule was meant to be interpreted in this fashion. The Comment to Rule 720 states: "If no timely post-sentence motion is filed, the defendant's appeal period runs from the date sentence is imposed. See paragraph (A)(3)." Perhaps, the term "timely" was accidentally omitted from Rule 720(a)(3), and it was meant to read exactly as set forth in the Comment. The Comment would suggest as much. In any event, considering the holding of *Ledoux* and the Comment to Rule 720, our decision seems elementary. For purposes of triggering the appeal period, Appellant's filing of an untimely post-sentence motion is equivalent to a complete failure to file a post-sentence motion. Thus, Appellant was obligated to file his appeal within thirty days of May 11, 2001. Since he did not, his appeal must be quashed.[5]

5. There is language in *Ledoux* that, given the similarity in language between former Rules 1411 and Rule 1410, now 721 and 720, might invite argument that even where there is an untimely post-sentence motion the appeal pe-

¶ 9 Appeal Quashed.

¶ 10 Judge Lally–Green concurs in the result.

riod may not run until the motion is denied. The passage that could give rise to this argument follows:

> In other words, under Rule 1411 the trial court **has the discretion to treat untimely post trial motions as if they had not been filed at all.** This is what the trial court did in the instant case. **Under these circumstances,** the Commonwealth's appeal had to have been taken within 30 days of the entering of the sentence under Rule 1411(B)(2)(a)(ii). Here, the appeal was taken on April 1, 2000, well beyond that 30 day time frame. Therefore, the appeal is untimely.

768 A.2d at 1125, (emphasis added). This passage seemingly suggests that the Panel's decision to quash hinged upon either the trial court's decision to deny the post-sentence motions as untimely, or alternatively, the trial court's equating the late filing of a motion as the same as not filing a motion at all. This passage also seemingly suggests that the trial court has the discretion to do the opposite and salvage a party's appeal.

Since *Ledoux* did not involve a situation where the trial court considered the merits of untimely post-sentence motion or treated an untimely post-sentence motion as timely, we deem this passage to be dictum only. Fur-

ther, we see no language in Rule 720 or 721 that would grant the trial court discretion to determine when the appeal period begins to run. As construed in the body of this Opinion, under the language of Rule 720 the appeal period begins upon imposition of sentence **unless** a **timely post-sentence motion is filed.** *Ledoux* construed the parallel provisions of Rule 1411 in the same fashion.

Admittedly, a trial court may have authority and discretion to consider the merits of an untimely post-sentence motion. *See Commonwealth v. Felmlee,* 2002 PaSuper 179, n. 3. However, absent the additional step by the trial court of vacating the sentence within the thirty-day period and prior to the taking of an appeal, the court's decision to do so should not affect the running of the appeal period and a potential appellant will still be obligated to file an appeal within thirty days of imposition of sentence. *See Commonwealth v. Quinlan,* 433 Pa.Super. 111, 639 A.2d 1235 (1994). To invoke a rule that ties the start of the appeal period to the trial court's subsequent decision to either consider the merits of an untimely filed post-sentence motion, or the trial court's decision to equate an untimely petition as no petition, would add uncertainty to an otherwise certain rule and add confusion where there need be none.