J-A29036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES COLEMAN, | : | |
| | : | |
| Appellant | : | No. 362 WDA 2014 |

Appeal from the Judgment of Sentence Entered September 4, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014342-2012

BEFORE:  DONOHUE, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 9, 2014**

James Coleman (Appellant) appeals from the judgment of sentence entered on September 4, 2013,[1] following his convictions for driving under the influence of alcohol (general impairment), driving under the influence of alcohol (highest rate of alcohol), driving while operating privilege suspended or revoked, and driving on roadways laned for traffic.[2]  We quash this appeal as untimely filed.

On December 21, 2012, Appellant was charged with the above offenses.  On April 9, 2013, Dennis Biondo, Jr., Esquire, filed a motion on

---

[1] Appellant purports to appeal from the order denying his post-sentence motion and reaffirming his sentence. We have corrected the caption to reflect that Appellant's appeal properly lies from the judgment of sentence entered on September 4, 2013, not the order denying his post-sentence motion. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).

[2] 75 Pa.C.S. §§ 3802(a)(1), 3802(c), 1543(a), and 3309(1), respectively.

* Retired Senior Judge assigned to the Superior Court.

Appellant's behalf to suppress "all evidence and any evidence derived or obtained as a result of the illegal stop of the vehicle." Motion for Suppression, 4/9/2013, at 2. Following a suppression hearing, the trial court denied the motion.

The case proceeded to a stipulated nonjury trial on April 19, 2013. The police testimony from the suppression hearing was incorporated into the trial record. Moreover, the parties stipulated that the arresting officer observed a blood draw, and the results of the draw were admitted into evidence without objection. Following the trial, Appellant was convicted at all counts.

Subsequently, Attorney Biondo filed a motion to withdraw as counsel, which the trial court granted by order dated July 29, 2013. On August 6, 2013, Robert S. Carey, Jr., Esquire, entered his appearance on behalf of Appellant.

On September 4, 2013, Appellant was sentenced to four days at the DUI–Alternative to Jail Program and a concurrent six months' probation. The trial court stayed Appellant's sentence pending an appeal.

On October 18, 2013, Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA)[3] and a supporting brief raising claims of ineffective assistance of counsel. On October 21, 2013, the Commonwealth filed a motion to lift the stay of sentence, which the trial court granted on

---

[3] 42 Pa.C.S. §§ 9541-9546.

October 23, 2013. On October 25, 2013, Appellant filed a post-sentence motion in which he sought to withdraw his PCRA petition and raise claims regarding ineffective assistance of counsel, the sufficiency of the evidence, and the weight of the evidence on direct appeal. On February 27, 2014, the trial court denied Appellant's post-sentence motion following a hearing. Appellant then appealed to this Court on March 4, 2014.

Appellant raises the following issue on appeal: "Whether the trial court erred in finding trial counsel effective when the record establishes that counsel had no reasonable strategic basis for entering into a stipulation that waived the challenge to the legality of the blood draw?" Appellant's Brief at 3.

Before we reach the merits of Appellant's claim, we must address the timeliness of this appeal, as it affects this Court's jurisdiction. **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citing **Commonwealth v. Yarris**, 731 A.2d 581, 587 (Pa. 1999) (holding that appellate courts may raise the issue of jurisdiction *sua sponte*)).

"[A] direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Preacher**, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003). Pennsylvania Rule of Criminal Procedure 720(A) provides, in relevant part, as follows:

(A) Timing.

(1) Except as provided in paragraphs (C) [relating to after-discovered evidence] and (D) [relating to summary case

appeals], a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

\*\*\*

(3) If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence, except as provided in paragraph (A)(4) [relating to a motion filed by the Commonwealth to modify a sentence].

*Id*.

Instantly, the trial court imposed Appellant's sentence on September 4, 2013. Appellant did not file his post-sentence motion until October 25, 2013, over a month late. In *Commonwealth v. Dreves*, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*), we considered the consequences of a post-sentence motion being filed untimely.

[W]here the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence. This interpretation of Rule 720 is amply supported by this Court's recent decision in *Commonwealth v. Bilger*, 803 A.2d 199 (Pa. Super. 2002), *appeal denied*, 572 Pa. 695, 813 A.2d 835 (2002) in which we stated:

As can be readily observed by reading the text of Rule of Criminal Procedure 720, ordinarily, when a post-sentence motion is filed an appellant has thirty (30) days from the denial of the post-sentence motion within which to file a notice of appeal. However, by the explicit terms of Pa.R.Crim.P. 720(A)(2), the provision allowing thirty days from the denial of post-trial motions is contingent upon the timely filing of a post-trial motion.

*Bilger*, 803 A.2d at 201. We further opined that "in order for the denial of post-sentence motions to become the triggering event, **it is necessary that the post-sentence motions be timely filed**. Second, absent a timely filed post-sentence motion, the

- 4 -

triggering event remains the date sentence is imposed." ***Id***. at 202 (emphasis added).

***Dreves***, 839 A.2d at 1127 (emphasis in original).[4]  Thus, because Appellant untimely filed a post-sentence motion, his notice of appeal filed on March 4, 2014, was also untimely filed.

This Court has no jurisdiction to entertain an untimely appeal. ***Commonwealth v. Patterson***, 940 A.2d 493, 497 (Pa. Super. 2007).  Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. Pa.R.A.P. 105; ***Commonwealth v. Braykovich***, 664 A.2d 133, 136-37 (Pa. Super. 1995). Nonetheless, "where the trial court misstated or misinformed the parties regarding the rules governing the time for filing a post-sentence motion or the time for filing an appeal," an untimely appeal will be entertained based upon a finding of fraud or breakdown in the court's operation. ***Dreves***, 839 A.2d at 1129 n.7; ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa. Super. 2001). However, there is no indication in this case that the trial court misstated the

---

[4] In ***Dreves***, this Court also held that unless a trial court has specifically been asked, by motion, to permit untimely post-sentence motions and has expressly granted such permission, the mere fact that the trial court considers the motion does not toll the appeal period. ***Dreves***, 839 A.2d at 1128-29.  In its opinion issued pursuant to Pa.R.A.P. 1925(a), the trial court represents that, following sentencing, it "reinstated [Appellant's] post[-]sentence motion rights in order that his sentence would be stayed pending his appeal."  Trial Court Opinion, 5/16/2014, at 2-3.  Upon review, it does not appear from the record that Appellant filed a motion seeking permission to file an untimely post-sentence motion or that the trial court expressly granted such permission. Thus, notwithstanding the trial court's representation, the fact that the trial court considered Appellant's motion is irrelevant for purposes of this appeal.

rules governing the filing of a post-sentence motion or filing an appeal, or that it misinformed Appellant in that regard. Instead, at the sentencing hearing, the trial court specifically stated that Appellant had 10 days in which to file a post-sentence motion, and 30 days to file a direct appeal to this Court. N.T., 9/4/2013, at 15. Accordingly, we quash this appeal as untimely filed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014