J-A09032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTIAN PAROLINE | |
| Appellant | No. 812 EDA 2014 |

Appeal from the Judgment of Sentence entered February 7, 2014
In the Court of Common Pleas of Pike County
Criminal Division at Nos: CP-52-CR-0000399-2013; CP-52-CR-0000402-2013; and CP-52-CR-0000525-2013

BEFORE: BOWES, DONOHUE, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 10, 2015**

Appellant Christian Paroline appeals from the judgment of sentence entered in the Court of Common Pleas of Pike County ("trial court"), after he pled guilty to burglary, multiple counts of theft by unlawful taking, and defiant trespass.[1] Upon review, we affirm the original judgment of sentence, but vacate the amended order of restitution.

On February 7, 2014, following Appellant's guilty plea to the foregoing crimes, the trial court sentenced Appellant to an aggregate term of 2 to 5 years' imprisonment and ordered him to pay $800.00 in restitution. Appellant did not file any post-sentence motions. On March 7, 2014, Appellant filed a timely appeal. Upon the trial court's direction, Appellant

---

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 3921(a), and 3503(b)(1)(ii) respectively.

filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, challenging the discretionary aspects of his sentence. On April 8, 2014, while the appeal was pending, the Commonwealth filed a motion titled "Recommendation of Restitution" under 18 Pa.C.S.A. § 1106(c)(3), requesting the trial court to modify the amount of restitution imposed to include $25,447.59 to the victim Nationwide Insurance ("Nationwide"). Following a hearing, on May 21, 2014 the trial court granted the Commonwealth's modification request. On July 30, 2014, Appellant filed an amended Rule 1925(b) statement, wherein he included a challenge to the trial court's modification of restitution imposed.

On appeal, Appellant raises two issues for our review:

[1.] Whether the [t]rial [c]ourt imposed an excessive maximum sentence under the circumstances when ordering that [Appellant] be incarcerated in a State Correctional Facility?

[2.] Whether the [t]rial [c]ourt erred in correcting [Appellant's] [s]entencing [o]rder more than 3 months after the imposition of sentence to provide that [Appellant] pay [r]estitution in the amount of $25,447.59[?]

Appellant's Brief at 8.

"Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving

- 2 -

otherwise." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "However, when the plea agreement is open, containing no bargained for or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of h[is] sentence."[2] ***Commonwealth v. Roden***, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) (citation omitted).

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

---

[2] The record in this case reveals that Appellant entered into open guilty pleas to the extent the maximum term of incarceration was subject to the trial court's discretion.

- 3 -

sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Instantly, we conclude Appellant failed to satisfy the *Moury* test. Although Appellant filed a timely notice of appeal, he did not preserve his discretionary aspects sentencing challenge either at sentencing or in a post-sentence motion. *See Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2014) (Appellate review of discretionary aspects of sentencing claims unavailable when the claims were not raised at sentencing or in a post-sentence motion); *see also Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."), *appeal denied*, 76 A.3d 538 (Pa. 2013). Accordingly, Appellant's discretionary aspects of sentence claim is waived.

Appellant next argues the trial court erred in modifying the amount of restitution imposed three months after the judgment of sentence.[3]  The crux of Appellant's argument is that the Commonwealth should have known about the amount of restitution sought by Nationwide at the time of sentencing. We, however, need not address this argument.

We recently determined in **Commonwealth v. Weathers**, 95 A.3d 908, 912 (Pa. Super. 2014), that a trial court is divested of jurisdiction to modify the amount of restitution imposed while an appeal from the judgment of sentence is pending.  The **Weathers** Court reasoned:

> Despite the "at any time" language of section 1106(c)(3), we are compelled to conclude that in this case the trial court did not have jurisdiction to modify the order of restitution due to Appellant's timely filing of a notice of appeal.  While neither the Commonwealth nor Appellant focus on the jurisdictional implications of Appellant's filing of a notice of appeal, it is well established that "questions of jurisdiction may be raised sua sponte."  **See Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (internal citation omitted).  After the trial court denied Appellant's post-sentence motion, Appellant filed a timely notice of appeal on April 19, 2013. At that point, the trial court no longer had jurisdiction to proceed in this matter.  **See** Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."); **Commonwealth v. Ledoux**, 768 A.2d 1124, 1125 (Pa. Super. 2001) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal.").  Nevertheless, the trial court entered an order amending the amount of restitution on June 3, 2013.  Despite the flexibility granted to the court to amend orders of restitution under section 1106(c)(3), here the court could not modify the

---

[3] Because such an argument relates to the legality of sentence, our standard of review is be *de novo* and our scope of review is plenary.  **See Commonwealth v. Gentry**, 101 A.3d 813, 817 (Pa. Super. 2014).

order of restitution during a period when it did not have jurisdiction over the case.

*Weathers*, 95 A.3d at 912 (footnotes omitted). As a result, the *Weathers* Court vacated the trial court's amended order of restitution, with instructions that "the trial court may subsequently amend the order of restitution when it regains jurisdiction, following the conclusion of this appeal, provided that the court states its reasons for doing so as a matter of record." *Id.* at 913.

The case *sub judice* is similar to *Weathers* to the extent the trial court modified the amount of restitution imposed *after* an appeal had been filed. Here, as stated earlier, Appellant appealed the judgment of sentence on March 7, 2014, and 75 days later on May 21, 2014, the trial court issued an order modifying restitution. Under *Weathers*, the trial court did not have jurisdiction to modify the amount of restitution while Appellant's appeal was pending in this Court. Accordingly, we vacate the trial court's May 21, 2014 order modifying the amount of restitution. Under Section 1106(c)(3), however, the trial may subsequently modify the amount of restitution imposed when it regains jurisdiction, following the conclusion of this appeal, provided that the court states its reasons for doing so as a matter of record. *See Weathers*, *supra*.

Judgement of sentence affirmed. May 21, 2014 order of restitution vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/10/2015</u>