J-S42012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOEL BALLANCE, | |
| Appellant | No. 2302 EDA 2014 |

Appeal from the Judgment of Sentence May 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006785-2012, CP-51-CR-0006787-2012, CP-51-CR-0006788-2012, CP-51-CR-0006789-2012, CP-51-CR-0006790-2012, CP-51-CR-0006792-2012, CP-51-CR-0006796-2012, CP-51-CR-0006797-2012, CP-51-CR-0006798-2012, CP-51-CR-0006799-2012, CP-51-CR-0006800-2012, CP-51-CR-0006807-2012, CP-51-CR-0006809-2012

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:            **FILED SEPTEMBER 17, 2015**

Appellant, Joel Ballance, appeals from the judgment of sentence entered on May 21, 2014, in the Philadelphia County Court of Common Pleas.  Following our careful review, we quash the appeal.

The trial court set forth the procedural history of this matter as follows:

On or about January 10, 2012, Appellant, Joel Ballance, was arrested and charged with various offenses: Regarding Docket No. CP-51-CR-0006785-2012, [Appellant] was charged with burglary (F-1), conspiracy (F-1), and theft by unlawful

_____

[*] Former Justice specially assigned to the Superior Court.

taking (M-2). All other charges were nolle prossed. Regarding Docket No. CP-51-CR-0006787-2012, [Appellant] was charged with burglary (F-1), conspiracy (F-1), theft by unlawful taking (M-2) and VUF[A] 6106 (F-3). All other charges were nolle prossed. Regarding Docket No. CP-51-CR-0006788-2012, [Appellant] was charged with burglary (F-2), conspiracy (F-2), and theft by unlawful taking (M-2). All other charges were nolle prossed. Regarding Docket No. CP-51-CR-0006789-2012, [Appellant] was charged with burglary (F-1), conspiracy (F-1), theft by unlawful taking (M-2), VUFA 6106 (F-3). All other charges were nolle prossed. Regarding Docket No. CP-51-CR-0006790-2012, [Appellant] was charged with criminal attempt (F-1) and criminal mischief (M-2). All other charges were nolle prossed. Regarding Docket No. CP-51-CR-0006792-2012, [Appellant] was charged with receipt of stolen property (M-2). Regarding Docket No. CP-51-CR-0006796-2012, [Appellant] was charged with criminal attempt burglary (F-1), conspiracy (F-1), and criminal mischief (M-2). Regarding Docket No. CP-51-CR-0006797-2012, [Appellant] was charged with attempted burglary (F-1), conspiracy (F-1), and amended criminal mischief.

Regarding Docket No. CP-51-CR-0006798-2012, [Appellant] was charged with VUFA 6110.2 (F-2) and all other charges [were] nolle prossed. Regarding Docket No. CP-51-CR-0006799-2012, [Appellant] was charged with burglary (F-1) and conspiracy (F-1). Regarding Docket No. CP-51-CR-0006800-2012, [Appellant] was charged with robbery (F-3), conspiracy (F-1), Burglary (F-1), theft by unlawful taking (M-2) and all other charges were nolle prossed. Regarding Docket No. CP-51-CR-0006807-2012, [Appellant] was charged with burglary (F-1), conspiracy (F-1), theft by unlawful taking (M-2) and all other charges were nolle prossed. Regarding Docket No. CP-51-CR-0006809-2012, [Appellant] was charged with burglary (F-1), conspiracy (F-1), theft by unlawful taking (M-2) and all other charges were nolle prossed.

Trial Court Opinion, 1/7/15, at 1-2.

On March 13, 2014, Appellant entered a guilty plea to the charges listed above. The trial court accepted Appellant's guilty plea, and on May 21, 2014, the trial court sentenced Appellant to an aggregate term of ten to

twenty years of incarceration.  Appellant filed a post-sentence motion that was denied in an order filed on June 19, 2014, and Appellant filed his notice of appeal on August 1, 2014.

On October 15, 2014, this Court issued a Rule to Show Cause directing Appellant to explain why this appeal should not be quashed as untimely.  On October 24, 2014, Appellant's counsel filed a response and conceded that Appellant's appeal was untimely.

The question of timeliness of an appeal is jurisdictional. ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000).  Time limitations on appeal periods are strictly construed and cannot be extended as a matter of grace.  ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002) (citing ***Commonwealth v. Hottinger***, 537 A.2d 1, 3 (Pa. Super. 1987)).  ***See also*** Pa.R.A.P. 105(b) (stating that, although an appellate court may enlarge the time prescribed in the rules of appellate procedure for good cause shown, the court may not enlarge the time for filing a notice of appeal).

The time limit for filing challenges to a judgment of sentence is set forth in the Judicial Code as follows:

> **§ 5571. Appeals generally**
>
> **(a) General rule.—**The time for filing an appeal, a petition for allowance of appeal, a petition for permission to appeal or a petition for review of a quasi-judicial order, in the Supreme Court, the Superior Court or the Commonwealth Court **shall be governed by general rules**.  No other provision of this

subchapter shall be applicable to matters subject to this subsection.

42 Pa.C.S. § 5571(a) (emphasis added).

The relevant rules of appellate procedure promulgated by the Pennsylvania Supreme Court provide as follows:

**Rule 902.  Manner of Taking Appeal**

*An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal).*  Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902 (emphasis added).

**Rule 903.  Time for Appeal**

**(a) General Rule.**  Except as otherwise prescribed by this rule, **the notice of appeal** required by Rule 902 (manner of taking appeal) *shall be filed within 30 days after the entry of the order from which the appeal is taken.*

Pa.R.A.P. 903(a) (emphasis added).

In addition, we are mindful that Pa.R.Crim.P. 720 addresses post-sentence procedures.  Specifically, Pa.R.Crim.P. 720(A) provides that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."  Pa.R.Crim.P. 720(A)(1).  Rule 720 further provides as follows:

(2) If the defendant files a ***timely*** post-sentence motion, the notice of appeal shall be filed:

- 4 -

(a) within 30 days of the entry of the order deciding the motion;

(b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or

(c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

Pa.R.Crim.P. 720(A)(2) (emphasis added). However, "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence, ..." Pa.R.Crim.P. 720(A)(3).

In **Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*), this Court offered the following discussion concerning the timing of a post-sentence motion:

From the above, it can be seen that the time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion. The Comment to Rule 720 emphasizes this point as follows: "If no timely post-sentence motion is filed, the defendant's appeal period begins to run from the date sentence is imposed." Thus, where the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence. This interpretation of Rule 720 is amply supported by this Court's recent decision in **Commonwealth v. Bilger**, 803 A.2d 199 (Pa. Super. 2002), *appeal denied*, 572 Pa. 695, 813 A.2d 835 (Pa. 2002) in which we stated:

As can be readily observed by reading the text of Rule of Criminal Procedure 720, ordinarily, when a post-sentence motion is filed an appellant has thirty (30) days from the denial of the post-sentence

- 5 -

motion within which to file a notice of appeal. However, by the explicit terms of Pa.R.Crim.P. 720(A)(2), the provision allowing thirty days from the denial of post-trial motions is contingent upon the timely filing of a post-trial motion.

*Bilger*, 803 A.2d at 201. We further opined that "in order for the denial of post-sentence motions to become the triggering event, **it is necessary that the post-sentence motions be timely filed**. Second, absent a timely filed post-sentence motion, the triggering event remains the date sentence is imposed." *Id*. at 202 (emphasis added).

*Dreves*, 839 A.2d at 1127 (emphasis in original). Therefore, "[f]or purposes of triggering the appeal period, [the] filing of an untimely post-sentence motion is equivalent to a complete failure to file a post-sentence motion." *Bilger*, 803 A.2d at 202.

Here, our review of the record reflects that on May 21, 2014, the trial court entered its judgment of sentence. Therefore, in order to be deemed timely, Appellant's post-sentence motion was due on or before Monday, June 2, 2014, because May 31, 2014, was a Saturday. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). However, Appellant did not file his post-sentence motion until Tuesday, June 3, 2014. Because Appellant's post-sentence motion was untimely filed, it is the equivalent of a complete failure to file a post-sentence motion. *Bilger*, 803 A.2d at 202. Thus, Appellant's

untimely post-sentence motion did not toll the period for filing a direct appeal.[1]

Based on the record before us, Appellant's untimely post-sentence motion did not toll the appeal period. Accordingly, the notice of appeal was due on or before Friday, June 20, 2014. However, because Appellant's notice of appeal was not filed until August 1, 2014, it was untimely, and we are constrained to quash the appeal.

Appeal quashed. Jurisdiction relinquished.

---

[1] We are cognizant that the trial court filed an order denying Appellant's untimely post-sentence motion on June 19, 2014. An untimely post-sentence motion does not toll the appeal period. Pa.R.Crim.P. 720(A)(3). However, even if Appellant's post-sentence motion had been timely filed and denied on June 19, 2014, in order for the appeal to have been considered timely, it would have been due on or before July 21, 2014. Pa.R.Crim.P. 720(A)(2). Thus, even if the appeal period had been tolled by the filing of a timely post-sentence motion, Appellant's August 1, 2014 notice of appeal was untimely. Additionally, we are aware that the trial court held a hearing on Appellant's untimely post-sentence motion. We noted in **Dreves** that the trial court did have the power to grant the filing of a post-sentence motion *nunc pro tunc* within thirty days of the judgment of sentence, but specifically ruled that the fact that the trial court entertained and denied the untimely motion did not toll the appeal period. We explained that unless a defendant specifically files a motion seeking permission to file a post-sentence motion *nunc pro tunc*, and unless the trial court expressly grants the request within thirty days of the imposition of the sentence, the appeal period continues to run. **See Dreves**, 839 A.2d at 1128-1129 (stating that "[t]he trial court's resolution of the merits of a late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief"). Here, even though the trial court considered the merits of the untimely post-sentence motion, the trial court failed to acknowledge that the post-sentence motion was untimely, and it did not expressly grant Appellant permission to file a post-sentence motion *nunc pro tunc*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/17/2015</u>