J-S43036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID S. NEEDLEMAN | : | |
| | : | |
| Appellant | : | No. 120 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 2, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000082-2023

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 28, 2025**

David Needleman appeals from the judgment of sentence imposed after he pled guilty to one count of child pornography.[1] He challenges the discretionary aspects of his sentence. Because it is untimely, we quash his appeal.

The trial court summarized the facts as follows:

On August 1, 2022, Sgt. Kevin Stebner of the Warrington Township Police Department conducted an undercover investigation into the sharing of child pornography on the internet. During this investigation, Sgt. Stebner downloaded a file from a suspect computer sharing files on the peer-to-peer, file-sharing network BitTorrent. Sgt. Stebner noted the IP address of the suspect computer from which he downloaded the files. After downloading the file, Sgt. Stebner viewed its contents and concluded that it consisted of a collage of images depicting minor females engaged in sexual acts.

_____

[1] 18 Pa.C.S.A. § 6312(d).

Sgt. Stebner was then able to confirm that the IP address of the suspect received its internet services from Verizon.  On August 4, Sgt. Stebner served an administrative subpoena on Verizon, to which Verizon provided Sgt. Stebner with subscriber information, listing David Needleman, with an address at 81 Bittersweet Drive, Doylestown, PA 18901, as the subscriber with the suspect IP address.

On October 19, 2022, a search warrant was executed at 81 Bittersweet Drive, where several computers and digital storage media were seized.  A search of one iMac computer, which [Needleman] identified as his computer, and two hard drives were found to have contained more than 33,000 files of child pornography.  After this search, [Needleman] was interviewed by police and confessed to downloading child pornography onto his computer and hard drives over several years.

Trial Court Opinion, 4/18/24, at 1-2 (footnotes omitted).  Needleman was arrested and charged with 34 counts of child pornography and one count of criminal use of a communication facility.

On August 3, 2023, Needleman pled guilty to one count of child pornography.[2]  The trial court deferred sentencing and ordered a report from the Sex Offender Assessment Board ("SOAB").

On November 2, 2023, the trial court held Needleman's sentencing.  The court observed that the SOAB did not find that Needleman was a sexually violent predator.  It noted its concern about the lack of information presented to the SOAB which likely led to this conclusion.  The trial court then sentenced Needleman to 2 to 4 years' incarceration with 6 years' consecutive probation.

_____

[2] The remaining counts were to be *nolle prossed* at the time of sentencing.

On November 21, 2023, counsel filed a post-sentence motion.[3] However, it was returned to counsel on November 28, 2023; the docket indicated "filing returned without action-post sentence motion."

On December 28, 2023, Needleman filed this appeal with the Bucks' County Prothonotary's Office. The notice of appeal was timestamped on that day, but it was not docketed until January 2, 2024.

On July 31, 2024, this Court entered a rule to show cause why this appeal should not be quashed as untimely filed on January 2, 2024, from Needleman's judgment of sentence entered on November 2, 2023, two months earlier. On August 12, 2024, Needleman's counsel filed a response maintaining that he timely filed the post-sentence motion via PACFile on November 13, 2023, but it was rejected because a filing fee was required. Counsel attached a copy of this notification to the response.

Counsel further claimed that this appeal was timely because he filed it within 30 days of the docket entry on November 28, 2023, entitled, "filing returned without action-post sentence motion." Counsel maintained that it was unclear if this served as an order denying Needleman's post-sentence motion. Because counsel filed a response, the rule to show cause was discharged, and the matter of timeliness was deferred to this panel.

Before we can address the merits of Needleman's appeal, we must address its timeliness as it implicates our jurisdiction. ***Commonwealth v.***

_____

[3] The record is unclear whether counsel mailed it or submitted it in person or whether counsel paid the filing fee.

***Nahavandian***, 954 A.2d 625, 629 (Pa. Super. 2008). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Id.*** Appellate courts may consider the issue of jurisdiction *sua sponte*. ***See Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004).

Generally, a notice of appeal must be filed within 30 days after entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). In a criminal case, the appeal lies from the judgment of sentence, unless a defendant files a timely post-sentence motion. ***See*** Pa.R.Crim.P. 720(A)(3). A post-sentence motion "shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). A timely post-sentence motion tolls the time for filing an appeal. In that instance, the appeal from the judgment of sentence must be filed within 30 days of the order denying the post-sentence motion. ***See*** Pa.R.Crim.P. 720(A)(2)(a).

Critically, an untimely post-sentence motion does not toll the 30-day appeal period unless certain conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc.* ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128-29 (Pa. Super. 2003) (*en banc*). Notably, "[t]he request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion." ***Id.*** Second, the trial court must ***expressly permit*** the filing of a post-sentence motion *nunc pro tunc,* also within 30 days of imposition of sentence. ***Id.*** at 1128. "If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor

extended." ***Id.*** Therefore, the triggering event for filing an appeal remains the date of sentence. ***Commonwealth v. Bilger***, 803 A.2d 199, 201 (Pa. Super. 2002).

If the appeal is untimely, it must be quashed. However, this Court has declined to quash otherwise untimely appeals in circumstances where extraordinary circumstances exist, such as where "the failure to file a timely appeal [resulted from] a breakdown in the court system." ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019) (citation omitted).

Here, the appeal period began to run on November 2, 2023, when the trial court sentenced Needleman. Ten days after sentencing was November 12, 2023. Because that day was a Sunday, Needleman had until November 13, 2023, to file his post-sentence motion. ***See*** 1 Pa.C.S.A. § 1908. However, Needleman did not file his post-sentence motion until November 21, 2023, over a week after it was due. This was clearly untimely.

In his answer to the rule to show cause from this court, Needleman's counsel maintains, for the first time, that he attempted to file a timely post-sentence motion via PACFile on November 13, 2023. But according to counsel, the filing was rejected. A screenshot of the message, which counsel attached to the answer, indicated "Filing . . . rejected." The message further stated:

> Incomplete Document(s) Post-Sentence motion require a filing fee of $21.00. We are unfortunately not able to accept motions that require filing fees through PAC Filing. Please either bring in or mail in your motion with the proper filing fee. Thank you.

On appeal, Counsel argues that Pennsylvania Rule of Criminal Procedure 576.1 and the Bucks County's counterpart, which address electronic filings, required the clerk of courts to accept his electronic filing on the date it was submitted. Therefore, according to Needleman, his post-sentence motion was timely.

Initially, we observe that the clerk of courts' notification rejecting Needleman's submission on November 13, 2023, is not part of the certified record from the trial court. "[A]ny document which is not part of the officially certified record is deemed non-existent[.]" *See Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*). Although the notification is attached to counsel's answer to our rule to show cause, this document is not part of the certified record from the lower court, and we cannot consider it.

Furthermore, even if the notification regarding the November 13, 2023 attempted filing was part of the record, Needleman did not challenge the rejection of this filing with the trial court. He filed no motion to accept his post-trial motion *nunc pro tunc*, where he could have explained how he attempted to timely file the motion, but it was rejected. Instead, Needleman only raised his original attempt to timely file the post-trial motion on appeal, after this court issued its rule to show cause why the appeal should not be dismissed.

Issues raised for the first time on appeal are waived. Pa.R.A.P. 302. "[T]o preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial

- 6 -

court. Failure to timely object to a basic and fundamental error will result in waiver of that issue." **State Farm Mut. Auto. Ins. Co. v. Dill**, 108 A.3d 882, 885 (Pa. Super. 2015). Because Needleman did not challenge the clerk's rejection of his electronic filing before the trial court, the issue is waived. Therefore, we cannot consider the attempted filing on November 13, 2023; we can only consider the post-sentence motion presented on November 21, 2023.

Because this motion was clearly untimely, it is likely why it was "returned without action" by the clerk's office.[4] Contrary to counsel's belief, the return of the motion "without action" could not be construed as the court's denial of it on the merits. The motion was filed 19 days after the sentence was imposed; it was facially untimely. As discussed above, a defendant specifically must ask permission to file a late motion, and the court must expressly accept the motion for consideration, before the court even reaches the merits. Neither occurred here. Even if the court had considered the motion on the merits, a "trial court's resolution of the merits of [a] late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." **Dreves**, 839 A.2d at 1129.

Moreover, if counsel construed the court's return of the motion as a denial to accept the motion *nunc pro tunc*, it did not toll the time within which

---

[4] The prudent course of action would have been for the trial court to deny the motion as untimely.

Needleman had to file his appeal. Consequently, the time for filing Needleman's appeal remained 30 days from the date of his sentence.

Finally, the circumstances of this case do not constitute a breakdown in the court system which would enable this Court to decline quashal. Rather, counsel failed to perfect Needleman's appellate rights, by filing an untimely post-sentence motion and an untimely notice of appeal.

Because the notice of appeal was filed more than 30 days after Needleman was sentenced, we are without jurisdiction to consider the merits of his sentencing claim. Therefore, we quash.

Appeal quashed.

Judge Bowes joins. Judge Stabile concurs in result.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/28/2025