J-S15042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DENNIS LENON | : | |
| Appellant | : | No. 2119 EDA 2021 |

Appeal from the PCRA Order Entered October 14, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004945-2016

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED MAY 14, 2024**

Appellant, Dennis Lenon, appeals the dismissal of his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.*, in which he sought the reinstatement of his direct appeal and post-sentence motion rights *nunc pro tunc*. The lower court previously found him guilty of driving under the influence of alcohol – general impairment (DUI), recklessly endangering another person (REAP), and two counts of endangering the welfare of children (EWOC).[1] His counsel has now filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), conceding that Appellant is ineligible for collateral relief because he has

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1), and 18 Pa.C.S. §§ 2705, 4304(a)(1), respectively.

finished serving his sentence in this case.[2]  As we agree with counsel's assessment, we dismiss this appeal and grant counsel's application to withdraw.

At 7:30 p.m. on February 2, 2016, police officers observed Appellant fail to come to a complete stop while traveling at a high rate of speed in a gray Pontiac at the intersection of 56th and Spruce Streets in Philadelphia before making a right turn on a red light.  N.T. 7/14/17, 12-13.  In their ensuing pursuit of Appellant's car, the officers watched him ignore another red traffic light and two stop signs.  *Id.* at 13-15.  The officers then pulled Appellant over in the 6200 block of Felton Street.  *Id.* at 16.  When the officers asked him about his speeding, Appellant claimed that he was being followed by a car that the officers never saw during their pursuit.  *Id.*  During their exchange, one of the officers believed that Appellant was intoxicated due to his observed traffic infractions, the fact that he was "excited" and "talking fast," his "bloodshot" eyes, a strong smell of alcohol coming from his person and breath, and "his reaction."  *Id.* at 16-18.  Based on those observations, the officers

---

[2] A brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), is proper where counsel seeks to withdraw his or her representation in a direct appeal.  A **Turner**/**Finley** no-merit letter is the appropriate filing for seeking to withdraw on appeal from the denial of PCRA relief.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Sper. 2011) (citation omitted).

arrested Appellant. *Id.* at 17. Appellant had a female passenger and two infants in his car. *Id.* at 16-17.

On July 14, 2017, Appellant proceeded to be tried without a jury and the trial court found him guilty of the above-referenced offenses.[3] N.T. 7/14/17, 7-11, 40. Sentencing was deferred for the preparation of a pre-sentence investigation report. *Id.* at 40-41. On September 22, 2017, the court imposed an aggregate sentence of nine to twenty-three months' imprisonment, to be followed by three years' probation.[4] N.T. 9/22/17, 12-13; Sentencing Order, 9/22/17, 1-2. Appellant did not file an appeal.

Relevant to this appeal, Appellant was entitled to a time credit of 51 days at the time of his sentencing hearing. Motion for Time Credit, 4/4/18, ¶ 2; Court Commitment Sheet, 9/22/17, 1; Lock & Track Report, 3/12/18, 1-2. Accordingly, he would be parole eligible on May 1, 2018, and would conclude his imprisonment term on July 1, 2019. Court Commitment Sheet, 9/22/17, 1; Lock & Track Report, 3/12/18, 1-2. Factoring in his three-year probation term, he would finish serving the last of his judgments of sentence in this matter on July 1, 2022.

---

[3] The court found him not guilty of fleeing or attempting to elude a police officer, 75 Pa.C.S. § 3733(a), and driving under the influence of alcohol - high rate of alcohol, 75 Pa.C.S. § 3802(b). N.T. 7/14/17, 40.

[4] For the individual judgments of sentence, the court imposed nine to twenty-three months' imprisonment and three years' probation for one of the EWOC counts, a concurrent three-year probation term for the other EWOC count, a concurrent term of seventy-two hours to six months' imprisonment for DUI, and no further penalty for REAP. N.T. 9/22/17, 12-13; Sentencing Order, 9/22/17, 1-2.

On September 17, 2018, Appellant timely filed a *pro se* PCRA petition raising claims challenging the effectiveness of his trial counsel. *Pro Se* PCRA Petition, 9/17/18, §§ 6(A)-(C), 15. Appellant thereafter filed a *pro se* memorandum of law in support of his petition, in which he raised new claims challenging the sufficiency of the evidence and a related claim of trial court error. Memorandum of Law, 9/25/18, 3-5. Present counsel was appointed and, on December 2, 2020, filed an amended PCRA petition, asserting that trial counsel was ineffective for failing to satisfy Appellant's request for a post-sentence motion and a direct appeal. Appointment Order, 7/18/19, 1; Amended PCRA Petition, 12/2/20, ¶¶ 7-8. Four months later, the Commonwealth filed an answer to the petition, in which it stated that it was not opposed to the reinstatement of Appellant's rights to file a post-sentence motion and a direct appeal *nunc pro tunc*.[5] Motion to Dismiss, 3/3/21, 1-5.

_____

[5] To be exact, the Commonwealth did not oppose the filing of a post-sentence motion *nunc pro tunc* for the purpose of preserving a challenge to the weight of the evidence for appellate purposes. Answer to Petition, 3/3/21, 3. The Commonwealth, at the same time, stated that it opposed any request for reinstatement of Appellant's right to file a motion for reconsideration of sentence because it concluded that Appellant previously litigated a reconsideration claim in a motion filed on October 3, 2017, that the trial court denied by operation of law on January 31, 2018. *Id.* at 3-5.

We note that the counseled post-sentence motion referenced by the Commonwealth is a nullity for our purposes because it was untimely where it was filed *eleven* days after Appellant's sentencing hearing and the preceding day was neither a weekend date, nor a government holiday. **See Commonwealth v. Bilger**, 803 A.2d 199, 202 (Pa. Super. 2002) (recognizing that a post-sentence motion filed more than ten days after a sentence is imposed is a legal nullity); Pa.R.Crim.P. 720(A)(1) ("Except as provided in
*(Footnote Continued Next Page)*

On October 14, 2021, the PCRA court presided over a hearing during which testimony was offered from trial counsel and Appellant. N.T. 10/14/21, 6-22. The PCRA court found Appellant's testimony that trial counsel rejected a request for a direct appeal to be incredible and dismissed the petition. **Id.** at 26; Short Certificate Order, 10/14/21, 1. On the same date, Appellant filed a counseled notice of appeal. Notice of Appeal, 10/14/21, 1.

From the dismissal of the PCRA petition, until the conclusion of the service of Appellant's probationary sentence, the only actions taken in the matter were the PCRA court issued an order pursuant to Pa.R.A.P. 1925 on December 10, 2021, issued a short certificate order reappointing PCRA counsel as counsel for Appellant's "PCRA/Appeal dockets" on March 3, 2022, and ordered the continuation of Appellant's probation on June 1, 2022. Rule 1925 Order, 12/10/21, 1; Short Certificate Order, 3/3/22, 1; Short Certificate Order, 6/1/22, 1. Following the conclusion of the service of Appellant's judgments, the PCRA court ordered the termination of Appellant's probation on July 19, 2022 (though, as stated **supra**, that term would have already ended on July 1, 2022), the PCRA matter was assigned to a new judge on August 8, 2023, and Appellant filed an untimely, counseled statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on August 25,

---

paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); **see also** 1 Pa.C.S. § 1908 (computation of time rule). Accordingly, we have omitted discussion of that motion in our procedural history.

2023.[6]  Short Certificate Order, 7/19/22, 1; Order, 8/8/23, 1; Rule 1925(b) Statement, 8/25/23, 1-2.

Counsel for Appellant has now filed an **Anders** brief.[7]  Appellant's Brief at 5.  Counsel concedes that Appellant is ineligible for PCRA relief because he is no longer serving any term of imprisonment, parole, or probation in this matter.  Appellant's Brief at 4-5, *citing Commonwealth v. Alhborn*, 699 A.2d 718 (Pa. 1997).  While Appellant has an outstanding fine in the case, counsel agrees that the outstanding fine has no bearing on his ineligibility for PCRA relief.  Appellant's Brief at 5, *citing Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997).  The Commonwealth and the PCRA court concur with counsel's assessment that no relief can be due because Appellant is ineligible for collateral relief based on the completion of the service of his judgments of sentence.  Appellee's Brief at 5-6; PCRA Court Opinion, 10/30/23, 3-4.

As an initial matter, we must address counsel's request to withdraw. *See Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) ("[T]his

---

[6] The jurist assigned as the initial PCRA court had previously presided as the trial court.

[7] We note our displeasure that Appellant's brief was filed eleven days late. Pursuant to Pa.R.A.P. 2188, "If an appellant fails to file his … brief … within the time prescribed by the rules, or within the time as extended, an appellee may move for dismissal of the matter."  The Commonwealth filed its brief after a grant of one briefing extension and did not move for dismissal based upon Appellant's late-filed brief.  While we do not dismiss this appeal due to the late filing of the brief, we caution the parties that it is always a better course of action to seek an extension of time for filing a brief rather than to tacitly ignore our deadlines.

Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted). Counsel who believes an appeal is frivolous and seeks to withdraw from representation under **Anders** must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Tejada**, 176 A.3d 355, 359 (Pa. Super. 2017). In **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), our Supreme Court addressed the second point of the **Anders** standard, *i.e.*, the contents of the **Anders** brief, which requires that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, this Court then has a duty to conduct its own review of the lower court's proceedings and make an independent determination whether the appeal is wholly frivolous. **Commonwealth v. Edwards**, 906 A.2d 1225, 1228 (Pa. Super. 2006).

- 7 -

We note multiple defects with counsel's attempt to seek to withdraw. First, counsel did not separately file an application to withdraw as counsel. Instead, counsel appended one to the back of the bound brief for Appellant. Second, counsel has never presented this Court with a copy of the letter that she sent to Appellant along with the brief and withdrawal application. It is thus unclear whether counsel advised Appellant that he has the right to retain private counsel or proceed *pro se* to raise additional arguments that Appellant deems worthy of this Court's attention. Counsel notes that Appellant "has been informed by letter that he has the right to represent himself before this court," but that fails to note that Appellant has been informed of his options to retain new counsel or proceed *pro se* to pursue continued litigation. Appellant's Brief at 5. Third, counsel's brief lacks a summary of the facts for the case and any citations to the record. Despite the noted flaws with counsel's withdrawal request, we must dismiss this appeal as we agree with counsel's assessment that Appellant is ineligible for PCRA relief. *See Commonwealth v. Englehart*, Docket No. 171 MDA 2019, 2019 WL 3731907, *1-2 (Pa. Super., filed Aug. 8, 2019) (holding that where, counsel's application to withdraw was "barely adequate to meet the *Anders*/*Santiago* requirements," we must nonetheless dismiss an appeal where an Appellant does not meet the PCRA eligibility requirements "[d]espite some deficiencies in complying with the *Anders*/*Santiago* procedure") (cited for persuasive value pursuant to Pa.R.A.P. 126(b)(2)).

To be eligible for collateral relief, a PCRA petitioner must plead and prove by a preponderance of the evidence that, *inter alia*, "at the time relief is granted," he or she is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i). As soon as a sentence is completed, a PCRA petitioner becomes ineligible for relief. ***Ahlborn***, 699 A.2d at 720 ("the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute"). Here, no one contests that Appellant finished serving his three-year probation term – which was the last remaining portion of his judgments of sentence, other than an unsatisfied fine – while this appeal was still pending. Because the plain language of the PCRA statute requires the denial of relief for a petitioner who has finished serving his sentence, the parties and the PCRA court are correct that we must dismiss the instant appeal. ***See Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa. Super. 2006) (noting that "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition"); ***Commonwealth v. Matin***, 832 A.2d 1141, 1143 (Pa. Super. 2003) ("A petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed.").

While we must dismiss this appeal due to Appellant's statutory ineligibility for relief, we would be remiss if we did not mention that our review of the record for this matter revealed glaring mistakes and examples of inattention by the attorneys engaged in this case. The lack of a requested

direct appeal was the focus of the hearing before the PCRA court, however, none of the attorneys in this case reviewed the timeliness of Appellant's counseled post-sentence motion that was filed eleven days after sentencing. The late filing of that motion was relevant to Appellant's claim that he should have been entitled to reinstatement of his post-sentence motion rights and, without consideration of the timeliness of the post-sentence motion, the Commonwealth misstated to the PCRA court that a sentencing claim had been previously litigated in a post-sentence motion where the late filing of the motion meant that it should have been treated as a legal nullity. Answer to Petition, 3/3/21, 3-4; *see Bilger*, *supra*.

Moreover, when this case was on appeal, Appellant's counsel – without reasons apparent on the record – failed to respond to the PCRA court's Rule 1925 order for more than eight months. It was during that unexplained delay that Appellant finished serving his probation and became completely ineligible for PCRA relief.[8]

Had counsel from both parties closely reviewed the record in this case, the PCRA proceedings may have yielded a different result. Even overlooking

---

[8] While it had no bearing on Appellant's ineligibility for relief, we also note that the Commonwealth requested a 60-day briefing extension beyond its initial 30-day deadline to file a brief that merely conveyed a perfunctory agreement with Appellant's counsel and the PCRA court that Appellant was ineligible for PCRA relief because he had finished serving his sentence. It was understandable that the Commonwealth had less urgency to prioritize this case for timely filing when there was no dispute that Appellant was ineligible for relief, however, we question the judicial economy of seeking an extension of time for filing a brief with an argument section shorter than the extension petition itself.

- 10 -

that, Appellant's counsel should have been cognizant of a looming expiration of a sentence while litigating this appeal from the denial of PCRA relief. When collateral review proceedings may be impacted by the expiration of a sentence, it is incumbent on the parties to act expeditiously and keep court authorities aware of the impending conclusion of the sentence. Here, Appellant's counsel's failure to timely respond to the PCRA court's Rule 1925 order appears to have caused an unacceptable delay that precluded Appellant from receiving any substantive review on appeal beyond the consideration of the expiration of his sentence. *See Commonwealth v. Volk*, 138 A.3d 659, 664-65 (Pa. Super. 2016) (holding that a delay in proceedings of 21 months, by which time Appellant's sentence had expired, did not violate Appellant's due process rights where Appellant did not inform the court of the impending expiration of the sentence or request expedited review; noting, "Simply put, by not addressing the delay with the court, Appellant sat on his rights.").

Counsel's application to withdraw appearance granted. Appeal dismissed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2024

- 11 -